Thomas D. STEPHENS *v.* STATE of Arkansas

CR 82-74                                              640 S.W.2d 94

Supreme Court of Arkansas
Opinion delivered October 4, 1982
[Rehearing denied November 8, 1982.]

*Smith, Smith & Hubbell,* by: *Billy Jay Hubbell,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was found guilty by a jury of kidnapping for the purpose of engaging in sexual intercourse or deviate sexual activity and of engaging in sexual intercourse and deviate sexual activity with a female person by forceable compulsion, a violation of Ark. Stat. Ann. §§ 41-1702 and 41-1803 (Repl. 1977). The evidence at trial overwhelmingly established appellant's guilt. The victim was beaten, cut, strangled and burned before her escape and rescue. The appellant does not question the sufficiency of the evidence, but contends that he did not receive a fair trial because of error in the selection of the jury. We affirm the conviction. Jurisdiction is in this court pursuant to Rule 29 (1) (b).

Appellant first argues that the trial court committed error by failing to excuse for cause a venireman who was a security guard and a former police officer. However, appellant peremptorily excused this venireman and the record reflects that no objectionable juror was forced upon appellant without his having the privilege of exercising a peremptory challenge. Thus, appellant has failed to show any prejudice on this point and it is not a ground for reversal. *Conley* v. *State,* 270 Ark. 886, 607 S.W.2d 328 (1980).

Next, appellant contends that the trial court erred in allowing the State to question veniremen regarding their willingness to impose the maximum sentence. In *Haynes* v. *State,* 270 Ark. 685, 606 S.W.2d 563 (1980), we reversed a

conviction because the prosecutor repeatedly attempted to commit the veniremen to the maximum sentence if they found the defendant guilty of the charge. The case before us is distinguished from *Haynes* because here, after stating the minimum and maximum penalties for the crimes charged, the prosecutor asked the prospective jurors whether they would consider the maximum penalty. Unlike the situation in *Haynes,* no juror in this case was asked to commit to a possible penalty or to express an opinion on whether such a penalty would be suitable. The jurors were asked only whether they would consider all the penalties provided by law. This is a proper inquiry on voir dire. *See,* A.R.Cr.P. Rule 32.2; Ark. Stat. Ann. §§ 43-1918 — 1919 (Repl. 1977).

Appellant also contends that the trial court erred in excusing for cause a venireman who indicated he would not favor imposing the maximum sentence for rape. This venireman stated at one point during voir dire, "I wouldn't send him for life and I wouldn't send him for forty years. . . ." This juror was irrevocably committed to voting against the possible penalties, regardless of the facts and circumstances that might have ensued in the course of the trial. If he had been seated the State would have been denied the fair and impartial jury to which it is entitled. *Haynes, supra.* We affirm the trial court in excusing this juror for cause.

Appellant's final argument is that the trial court committed error by denying his motion for a continuance. The facts surrounding the motion are as follows: On the date set for trial 35 members of the jury panel had been summoned to appear. However, only 21 members of the panel responded to the summons by appearing in court. Six of the absent 14 previously had been excused by the court for good cause. Appellant admitted that the full panel represented a fair cross-section of the community, but objected to proceeding with only 21 members, stating that number was too few and that small number did not represent the community at large. He asked for a continuance until the remainder of the panel was in attendance.

The prosecuting attorney stated that he believed a jury could be selected from the panel and the trial court denied

the appellant's motion, stating that the panel did represent a fair cross-section of the community. Eleven jurors were seated from the 21 persons present at the beginning of the voir dire proceedings. Two other members of the jury panel who were originally summoned but who were not initially present were then called. One of those two panel members was then seated without objection as the twelfth juror.

A motion for a continuance is addressed to the sound discretion of the trial court. Its action will not be reversed absent a clear abuse of that discretion amounting to a denial of justice and the burden is on the appellant to demonstrate such abuse. *Russell* v. *State*, 262 Ark. 447, 559 S.W.2d 7 (1977). In considering whether the court's discretion has been abused in a particular case, the circumstances of the case must be examined with emphasis on the reasons presented to the judge at the time. *Tyler* v. *State*, 265 Ark. 822, 581 S.W.2d 328 (1979).

There is no abuse of discretion in this case because there was no showing that the panel was not fairly representative of the community. In this context, the random selection process does not guarantee a proportionately accurate cross-section of the community to match the demographics of an area, and a defendant is not entitled to a jury, a venire, or jury roll with proportionate numbers. *Swain* v. *Alabama*, 380 U.S. 202 (1965). Here, appellant contends that most of those who failed to respond to the summons to jury duty were men. However, there is no proof that men were purposely excluded from serving. See *Taylor* v. *Louisiana*, 419 U.S. 522 (1974). In fact, the final composition of the jury was seven men and five women. No prejudice is shown from either the size or the composition of the panel. The trial court acted within its discretion in denying the motion.

We have reviewed the record for all errors prejudicial to the appellant pursuant to Rule 11 (f) and have found none. Therefore, we affirm.