Robert Ira ROBERTS *v.* STATE of Arkansas

CR 83-12                                        648 S.W.2d 44

Supreme Court of Arkansas
Opinion delivered March 14, 1983
[Rehearing denied April 25, 1983.*]

*Jones & Petty,* by: *Melvin E. Petty,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. On July 21, 1982, appellant, Robert Ira Roberts, was convicted of second degree murder and sentenced to 20 years imprisonment and fined $15,000. The Court of Appeals certified this case to us under Arkansas Supreme Court Rule 29 (4) (a). The primary question involved in this appeal is whether a party can impeach his own witness by the use of a prior inconsistent hearsay statement under Rule 607, Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979). We reverse and

*HICKMAN, J., would grant rehearing.

remand, holding that it is permissible if the probative value on the issue of impeachment outweighs the prejudicial effect arising from the danger that the jury will give substantive effect to the prior inconsistent statement.

The evidence reflects that on December 23, 1981, appellant shot and killed his wife in the kitchen of their home. Richard Roberts, the 13-year-old adopted son of the appellant and the deceased, was the only witness present at the time of the murder. That same day Richard gave a statement to the sheriff's office in which he stated that his father and mother were having an argument concerning bills; that his father left the house and returned with a .22 caliber pistol which he pointed at the deceased and threatened to kill her; that the deceased begged appellant not to shoot her, but he grabbed her by the throat and shot her and then dropped her from his grasp to the floor; and that appellant told him to call an ambulance.

When the State called Richard as a witness at trial, however, his testimony was not as damaging to appellant as the statement which he had given on the 23rd. He testified at trial that appellant and his mother were arguing on the day of the accident about financial obligations; that appellant went out the front door but shortly came back in, and the argument continued; that while he was in the laundry room, he heard a gun go off but did not see a gun until after the murder; and that when appellant saw him he told him to call an ambulance.

Prior to trial appellant filed a motion *in limine* seeking to prohibit references to the December 23 statement. At the pretrial hearing it was disclosed that Richard had made two statements subsequent to the December 23 statement in which he stated that parts of the December 23 statement were untrue. The two subsequent statements about the incident were consistent with his eventual testimony at trial. The trial court ruled that the statement of December 23 would be admissible for the purpose of impeaching Richard's testimony.

We first note that although Richard fully admitted

making the prior inconsistent statements, the trial court subsequently allowed the prosecution to introduce the complete text of the statement through a deputy sheriff. To do so was error. Once a witness has fully and unequivocally admitted making the prior inconsistent statement, then it cannot be proven again through another witness. McCormick, *Evidence,* § 37 at 72-73 (2d ed. 1972). We also note that in this particular case, the prior inconsistent statements could not be a part of the proof in the case because they are expressly excluded as substantive evidence under Rule 801 (d) (1) (i), Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979) which maintains as hearsay unsworn out-of-court statements in criminal cases.

We still must decide whether the trial court erred in allowing the State to impeach Richard, its own witness, with his December 23 hearsay statement by asking him if he had in fact made the prior inconsistent statements. Under the circumstances of this case we believe the trial court erred by allowing the impeachment because the probative value of such testimony was far outweighed by the danger of unfair prejudice. Therefore, this evidence should have been excluded under Rule 403, Ark. Stat. Ann. § 28-1001 (Repl. 1979).

The State argues that asking Richard about his prior inconsistent statements was for impeachment purposes, but it really was a mere subterfuge. The only conceivable reason that the State could have for impeaching its own witness was to bring before the jury hearsay information not admissible as substantive evidence, hoping that the jury would accord it substantive value although it was clearly inadmissible as such under Rule 801 (d) (1) (i). In this instance the danger of convicting the defendant on unsworn testimony is too great; the limiting instruction to the jury directing them to consider the prior inconsistent statement for impeachment only was not a sufficient safeguard.

Reversed and remanded.

HICKMAN and HAYS, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. The question is whether one should be allowed to impeach his own witness and under what circumstances. The majority has concluded that the State's impeachment of Richard Roberts was merely a subterfuge to get before the jury a prior inconsistent statement which would most likely be treated by the jury as evidence of the truth of the matter, rather than be considered merely to show that Richard was not telling the truth about certain issues. I disagree with the majority's conclusion for three reasons: First, I cannot say that the trial court manifestly abused its discretion by allowing the State to impeach Richard; second, I cannot say as a matter of law that the State was using a subterfuge; and, finally, it is my judgment that the majority has severely restricted the meaning of Ark. Stat. Ann. § 28-1001, Rule 607 (Repl. 1979), so that a prior inconsistent statement can only be used when it qualifies as substantive admissible evidence under Ark. Stat. Ann. § 28-1001, Rule 801.

The jury was properly instructed that the statement was to be considered only to show that Richard had made a prior statement that was inconsistent with his testimony under oath, and was not to be considered as substantive evidence. In my judgment the trial court's decision was correct. We must find a manifest abuse of discretion before we can set aside his decision. Ark. Stat. Ann. § 28-1001. Rules 103 and 104.

There are cases that have held that a party cannot call a witness solely to impeach him with a prior inconsistent statement that is otherwise admissible. The cases say that to do so would be a subterfuge to get the prior statement before the jury. *Whitehurst* v. *Whitehead,* 592 F.2d 834 (5th Cir. 1979); *United States* v. *Fay,* 668 F.2d 375 (8th cir. 1981); *United States* v. *Morlang,* 531 F.2d 183 (4th Cir. 1975). But in those cases the witnesses were called for absolutely no other purpose than to impeach. Clearly, a different situation exists here.

Richard Roberts was the only eyewitness to the killing and the State had to call him. Much of his testimony corroborated the essential parts of the State's case against the

appellant. If the State was to successfully prove the purposefulness of the appellant's act, as it was entitled to do, it should have been permitted to show that Richard's testimony had suddenly changed, since living with his father and his father's sister, with regard to his characterization of his father's intent. I find no manifest abuse of discretion.

Since the impeachment will not be allowed on retrial it is unnecessary for us to decide whether the court erred in allowing Richard's statement into evidence once he admitted making it. By finding that to be error the majority ignores the existence of Ark. Stat. Ann. § 28-1001, Rule 613, and its possible effect on the issue. The majority does not cite Arkansas case law in support of its ruling but instead cites an old section from McCormick's Evidence which has been supplemented since the adoption of Rule 613. We should reserve our judgment until it is necessary for us to reconcile our case law with Rule 613.

HAYS, J., joins in this dissent.