David Lee ALLEN *v.* STATE of Arkansas

CR 83-98                        660 S.W.2d 922

Supreme Court of Arkansas
Opinion delivered November 21, 1983
[Rehearing denied December 19, 1983.]

*Thomas G. Montgomery,* Crittenden County Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant Allen was charged with aggravated robbery with a firearm and with possession of a firearm by a convicted felon. At his first trial he was found guilty, but that conviction was reversed for

error in the exclusion of testimony. *Allen* v. *State,* 277 Ark. 380, 641 S.W.2d 710 (1982). A second trial resulted in a hung jury. At a third trial Allen was again found guilty and sentenced to life imprisonment for the aggravated robbery and to a concurrent six-year term for the other offense. We find no merit in his arguments for reversal.

The essential facts are that in the course of robbing a convenience store in West Memphis the appellant shot the store clerk four times, not fatally. Details are given in our earlier opinion and need not be repeated.

The first point has to do with the voir dire examination of two prospective jurors. Venirewoman Coleman at first stated she did not think she would consider life imprisonment as a possible sentence. After the court indicated that she was excused for cause, defense counsel asked permission to question her further, and in the ensuing colloquy the juror was in fact asked additional questions. She said she would consider life, but because of her beliefs she would not return a verdict of life regardless of the facts. She was thus properly excused for cause. *Stephens* v. *State,* 277 Ark. 113, 640 S.W.2d 94 (1982). The court next refused to excuse for cause another venireman who said he knew two police officers who were expected to testify, but he could set aside that acquaintanceship and weight their testimony as he would that of a stranger. In a matter of this kind the demeanor of the juror in answering the questions is so important that much discretion is vested in the trial judge, who has the advantage of seeing and hearing the voir dire as it takes place. We perceive no abuse of discretion in this case.

The appellant's second argument complains of the trial judge's denial of defense counsel's request to be allowed to call Allen's accomplice, Dorothy Jean Gatewood, for limited testimony. Allen's confession had been found to be voluntary. Counsel wanted to call Ms. Gatewood to testify only that while Allen was being questioned she was outside the room and heard loud banging and knocking (suggesting mistreatment). The State had not called Ms. Gatewood at this third trial. Counsel knew that Ms. Gatewood had twice denied under oath that she had heard any such noises, but he

wanted her to state her denial a third time before the jury so that he could show by a defense investigator that she had made a contrary unsworn statement to him. The court's ruling was right. The inconsistent out-of-court statement was not admissible as substantive evidence in a criminal case, because it was not under oath. Unif. R. Evid. 801 (d) (1); *Roberts* v. *State*, 278 Ark. 550, 648 S.W.2d 44 (1983). Nor was it admissible for impeachment, because counsel did not want Ms. Gatewood to give any testimony except the bare denial; so her credibility would not have been in issue.

A related argument under this point concerns an issue that arose twice during this third trial of the charges against Allen. The issue first arose on the morning of trial, at a conference in chambers. The defense expressed its desire to call Ms. Gatewood to testify about a discussion outside the courtroom during the second trial a week earlier. Defense counsel stated in support of his request that another witness, Rosemary Bullins, had identified the defendant at the second trial, but after leaving the courtroom she had expressed to Ms. Gatewood some doubt about her identification. The defense wanted to call Ms. Gatewood to ask her if she had not told Mrs. Bullins during that encounter that the defendant looked different because when he was first incarcerated he had stitches in his mouth as a result of having been beaten by the police. The court ruled that any testimony about stitches would not be relevant unless Allen took the stand and laid a foundation by specifying how and when he got the injuries. It is now argued that the court was wrong, because his ruling in effect required the defendant to take the witness stand.

We need not pass upon this argument, for if the court was wrong the error became harmless when the issue arose a second time. During the State's presentation of its case the witness Bullins again identified the defendant. On cross examination she admitted having talked to Ms. Gatewood outside the courtroom, but she denied having expressed any doubt about whether Allen was the right man. After the State had rested and while the defense was presenting its testimony, defense counsel at a conference in chambers asked permission to call Ms. Gatewood to ask her only about her

conversation with Mrs. Bullins. Since counsel said that he did not know what Ms. Gatewood's answer would be, the court ruled that defense counsel would not be allowed to call Ms. Gatewood "on a fishing expedition," but the court suggested that the defense lawyer and the prosecutor "go out there and talk to her about it. If she has a different version than that given by Mrs. Bullins, then you will be permitted to call her." The court granted the defense counsel's request for a recess "for that purpose." After the recess, which was taken at once, the point was not pursued further. We must conclude that Ms. Gatewood's testimony would not have been favorable to Allen and that the issue was abandoned for that reason.

A third point involves a defense effort to present to the jury a supposed fact that was never supported by testimony. At an earlier trial the prosecutor had asked a State witness, Officer Presley, during a Denno hearing, if he knew that after Allen was questioned he had been taken to a hospital because he complained about head injuries (implying mistreatment). The witness had then answered, "No, sir, I didn't know what area," and apparently had said that the examining doctor found nothing except arthritic pain in the patient's neck. Defense counsel wanted to interrogate Officer Presley about the possibility of head injuries, with no basis for the questioning except the assumption in the prosecutor's question at the Denno hearing. The court correctly ruled, in chambers, that there was no good faith basis on which counsel might go into the supposed head injuries.

In the fourth point, a minor one, the court was not in error in ruling that the prosecutor did not make an improper closing argument in responding to defense counsel's closing argument, in which he had said to the jury, "Why didn't the State call Dorothy Jean Gatewood?" We think the defense argument opened the door to a response by the State.

Fifth, it is insisted that possession of a firearm by a felon is an offense included in aggravated robbery, so that only the latter conviction should be permitted to stand. Not so. The Criminal Code provides that one offense is included in

another if the lesser is established by proof of the same or less than all the elements required to establish the commission of the offense charged. Ark. Stat. Ann. § 41-105 (2) (a) (Repl. 1977). Here the lesser offense requires proof that the person possessing the firearm had been convicted of a felony. § 41-3103. That fact not being an element in the proof of aggravated robbery (Section 41-2102), this lesser offense is not included in aggravated robbery.

Allen's last argument questions the admissibility of a pistol that was ballistically shown to have fired the bullets that wounded the store clerk. The State's proof showed that Allen and Ms. Gatewood entered the store together and committed the robbery, that the clerk was shot, and that a police officer found the pistol in a trash can in Memphis after an interview with Ms. Gatewood. The witness Bullins identified the pistol, stated that it belonged to Ms. Gatewood, and testified that she had seen Ms. Gatewood with the weapon a week before the robbery. Upon that train of proof the pistol was properly admitted into evidence.

No prejudicial error is shown either in the points that are argued or in the other abstracted objections, which we have considered under Rule 11 (f).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The defense sought from the beginning of appellant's three trials on this incident to bring out evidence that appellant was subjected to physical violence by the interrogating officers prior to his one paragraph confession. We reversed the first conviction. A mistrial because of a hung jury was declared in the second. The first two trials allowed questioning of an accomplice who received a suspended sentence (after cooperating with the officers in implicating the appellant). During the third jury trial the defense was again trying to prove force had been used to obtain the confession. It was undisputed that appellant was taken to the doctor the day after his confession. The officers explained that appellant's arthritis acted

up and he was treated for that but not for any head injury. While cross examining the chief investigating officer, the defense counsel asked the officer: "But yet it took an hour to get this paragraph from him: is that right?" The court upheld the state's objection to the question on the ground it was possibly argumentative and that the matter had been covered several times before. The record does not reveal this question to have been asked prior to this time. During a bench conference the state's attorney stated: "They took him there, Tom, because he had made complaints about his head injuries." Appellant explained that the officers beat and injured him and that Gatewood stated she heard some banging around in the area where appellant was being questioned. The court stopped this line of defense questioning on the grounds that there was a lack of good faith in such attempt. I cannot think of a more good faith effort than is presented here. Had appellant been allowed to prove his confession was the result of physical force he may not have been convicted. What error could have been more prejudicial? The court further stated: "For a witness to get up and say that he had stitches in his mouth would permit the jury to infer that he was beaten by law officers and requiring stitches when there is no evidence that that is the way he got them." Exactly! The court then in a series of rulings held the only way to get this evidence in was to have the appellant take the stand. Of course he cannot be required to take the stand. The series of rulings appear to me to be designed to force appellant to appear as a witness and be subject to consequential cross examination by the state, in violation of his 5th Amendment rights. These rulings not only stopped proper cross examination of the officer but precluded the calling of defense witnesses who might testify to the effect that appellant appeared to have been beaten. This same officer had admitted at an earlier trial that he took appellant to the doctor because he was complaining about head injuries. Evidence of good faith is abundant. The cross examination should have been allowed to continue.