Sylvia ROUSE *v.* Jeffery GOODE

87-76                                                    737 S.W.2d 447

Supreme Court of Arkansas
Opinion delivered October 12, 1987

*Boyett, Morgan & Millar, P.A.*, by: *Comer Boyett, Jr.*, for appellant.

*David A. Hodges*, for appellee.

DARRELL HICKMAN, Justice. The main issue in this case involves the impeachment of a witness with a prior inconsistent statement. The trial court allowed the appellee to introduce extrinsic evidence to impeach the testimony of the appellant after she admitted making the prior statement. We have held that this

cannot be done; consequently, the judgment is reversed and the case remanded.

Sylvia Rouse was a passenger in a vehicle that was struck from the rear by a vehicle driven by Jeffery Goode. Rouse sued Goode for personal injuries suffered as a result of the accident. After the accident, Rouse was hospitalized on four separate occasions. The first two occasions were related to the accident. Apparently the last two were not; they were for bronchitis coupled with an ear infection, and sinusitus.

Before the trial commenced, the appellant's attorney made a motion *in limine* that the appellee not be allowed to bring before the jury any evidence relating to the latter two hospitalizations. The appellee objected to the motion, stating that the evidence was relevant for impeachment purposes, if nothing else. The trial judge denied appellant's motion *in limine*, refusing to exclude evidence of the latter two hospitalizations.

At trial the appellant offered no testimony nor questioned any witness, including appellant Rouse, about the two hospitalizations. Only two witnesses mentioned Rouse's dizziness. However, the appellee cross-examined several of appellant's witnesses about the hospitalizations, including the dizziness and ear trouble, and asked them if they thought the conditions were caused by the wreck. In addition, appellee cross-examined appellant's physician, Dr. Tate, about Rouse's last two hospitalizations, and he testified that they were unrelated to the wreck. He had mentioned only the first two hospitalizations on direct examination.

When Rouse testified, she did not mention the two hospitalizations or related problems on direct examination, nor did she make any statement inconsistent with the prior statement in issue. Instead, on cross-examination appellee's attorney asked Rouse if she had made the statement in her deposition that she thought her ear problems and dizziness were caused by the wreck. Appellant admitted that she had made the statement but testified that she no longer believed those problems were caused by the accident.

Appellee's attorney did not read the statement from appellant's deposition into the record at this point but waited until the

end of the trial.[1]

The jury returned a verdict for Rouse in the amount of $5,000. Rouse appeals, contending that she was prejudiced in the eyes of the jury by all the evidence regarding the two irrelevant hospitalizations and her ear problems. She argues that her medical expenses alone totaled $6,123.59.

Appellant's attorney objected numerous times, before, during, and after the trial to the introduction of any testimony regarding the two hospitalizations and appellant's ear trouble. Appellee's main purpose in presenting this evidence was to place appellant Rouse in a bad light before the jury by questioning her credibility.

Appellee argues that a deposition can be introduced for any purpose whatsoever under Rule 32(a)(2). This rule also states, however, that such testimony must be admissible under the rules of evidence.

The trial judge, in denying appellant's motion for a new trial and judgment n.o.v., found that the evidence was admitted solely for the purpose of impeaching appellant, stating:

> This evidence was expressly admitted by the Court as relevant evidence going to the credibility of plaintiff which the jury was entitled to consider, in light of plaintiff's prior statements in deposition.

We are faced with the following evidentiary question: a witness was asked on cross-examination if she had made a statement. She admitted that she had. Then, the statement and other evidence were introduced to prove she was unworthy of belief. Should the trial court have allowed this? The answer is no.

Before we adopted the Uniform Rules of Evidence, it

---

[1] The statement from the deposition was read to the jury as follows:

Q. Did you think that the problem with your ear and inner ear you're talking about is because of the wreck?

A. Well, I think so, because I never had no problem with my ears before. I never did have the earaches, even after I got married I never did have earaches. I never had earaches. I never had another aches in my life, and so, but since they put the tube in, my ears don't bother me now unless I sneeze or something, and then they pop.

was settled that once a witness admitted making a prior inconsistent statement, no other evidence could be introduced to prove that the statement was made. In *Roberts* v. *State*, 278 Ark. 556, 648 S.W.2d 44 (1983), the first case interpreting the new Uniform Rules of Evidence on this question, we held that the new rules had changed nothing. Extrinsic evidence still could not be introduced to prove a prior inconsistent statement, once the witness had admitted making it. That is not a universal rule, but it is the rule we decided to follow. *See* J. Weinstein, 3 *Weinstein's Evidence* § 613 (1987); 37 Ark. L. Rev. 688 (1983). We recently confirmed *Roberts* in *Pemberton* v. *State*, 292 Ark. 405, 730 S.W.2d 889 (1987). In the case before us, appellant clearly admitted having made the prior inconsistent statement; therefore, the trial court should not have allowed appellee to bring in extrinsic evidence of the prior statement, nor evidence to prove the statement was incorrect.

■ Appellee cites *Flynn* v. *McElroy Bank and Trust Co.*, 287 Ark. 190, 697 S.W.2d 114 (1985), a civil case, to support his argument that the extrinsic evidence was admissible to prove the prior inconsistent statement. We do not find *Flynn* applicable, because the witness in that case never admitted making a prior inconsistent statement. We have held that extrinsic evidence of the statement *is* proper in that situation. *See Chisum* v. *State*, 273 Ark. 1, 616 S.W.2d 728 (1981).

Another issue raised by the appellant concerns a photograph of appellee's vehicle, which is in the custody of appellee's attorney. Evidently, there was a misunderstanding during the trial as to whether the photograph could be introduced. On remand, we assume the dispute will be resolved.

Appellee alleges that the notice of appeal from the judgment was not filed timely. We have already denied a motion to dismiss the appeal, and upon review, we find that we have jurisdiction.

Reversed and remanded.

GLAZE, J., not participating.