The Honorable Ted E. Mullenix State Representative 200 Rolling Acres Road Pearcy, AR 71964
Dear Representative Mullenix:
This is in response to your request for an opinion on the following question:
 Must a person who causes damage to a tombstone in a cemetery be charged under Ark. Code Ann. 5-39-212, a specific statute, rather than Ark. Code Ann. 5-38-203, a general statute?
It is my opinion that the answer to this question is "no". While it seems clear in this instance that a defendant could not be convicted under both statutes, prosecution for each offense is authorized when the same conduct of a defendant may establish the commission of more than one offense. A.C.A. 5-1-110(a). There is, moreover, support for the proposition that the prosecuting attorney or grand jury would have the option of charging the more serious offense and ignoring the lesser. See generally Caton Headley v. State,252 Ark. 420, 429, 479 S.W.2d 537 (1972).
This option is available, according to the Arkansas Supreme Court, unless the lower offense is "necessarily included" within the higher. Id. (emphasis original). This is not, in my opinion, the case with respect to A.C.A. 5-39-212 and 5-38-203 (Supp. 1989). These two crimes do not meet the statutory definition of an included offense since a violation of 5-39-212 is not established by proof of "the same or less" than the elements required to prove criminal mischief in the first degree. A.C.A. 5-1-110(b)(1).
See generally Henderson v. State, 286 Ark. 4,688 S.W.2d 734 (1985). Section 5-39-212 requires proof that damage is done to a cemetery marker. That fact not being an element in the proof of criminal mischief under5-38-203 (Supp. 1989), the lesser offense under 5-39-212
is not reasonably included in criminal mischief in the first degree. See generally Allen v. State, 281 Ark. 1,660 S.W.2d 922 (1983).
It is therefore my opinion that the prosecuting attorney or the grand jury has discretion in determining whether to proceed under A.C.A. 5-39-212 or 5-38-203.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
/s/ RON FIELDS Attorney General
[1] Under A.C.A. 5-1-110(a)(4), a defendant may not be convicted of more than one offense if the offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of that conduct.
[2] Section 5-1-110(b)(1) states that "[a] defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if: (1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged . . . ."