Aaron Timothy DILLARD *v.* STATE of Arkansas

CR 05-81                                           215 S.W.3d 662

Supreme Court of Arkansas
Opinion delivered October 13, 2005

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Aaron Timothy Dillard appeals from his convictions for aggravated robbery, battery in the third degree, and theft of property, and his sentence of 120 months' imprisonment. His sole point on appeal is that the circuit court erred in sustaining the prosecution's objection to defense counsel's inquiry to prospective jurors during *voir dire* about

whether they were uncomfortable with the penalty range for aggravated robbery being ten to forty years, or life imprisonment. We affirm the circuit court.

The victim, Kenneth Burnett, who was a taxi cab driver, testified that on April 2, 2004, at 3:30 a.m., he was dispatched to pick up Dillard at 12th and Woodrow Streets in Little Rock. Following their arrival at Dillard's destination, Dillard, who was sitting behind Burnett in the taxi cab, pulled a gun and ordered Burnett to give him his money. Burnett complied, giving Dillard his wallet, which contained $125, and his checkbook. While continuing to threaten Burnett with death, Dillard told Burnett to give him the "rest" of his money. After Burnett told him that that was all the money he had, Dillard ordered Burnett to hand over his shoes and socks, as well as his cell phone and pager. Burnett complied, and as Dillard began to lower his gun, Burnett grabbed it and jumped into the back the seat and the two struggled over the gun. Burnett was ultimately shot in the hand. He gained control of the gun and held Dillard outside of the taxi cab until police arrived to arrest him.

Dillard was charged with aggravated robbery, battery in the first degree, and theft of property. After a jury trial, he was convicted and sentenced as already indicated.

Dillard argues, as his sole point, that the circuit court erred when it sustained the prosecutor's objection to his counsel's inquiry to the *venire* of whether anyone was uncomfortable with the penalty range for aggravated robbery being ten to forty years, or life. He contends that during *voir dire*, his counsel can ask prospective jurors if they can consider the entire range of possible penalties for the offense at issue. He asserts that nothing in Arkansas case law holds that counsel cannot inform the *venire* of the minimum and maximum penalties for the offense charged. He further claims that in neither of two of this court's cases, *Stephens v. State*, 277 Ark. 113, 640 S.W.2d 94 (1982), and *Felty v. State*, 306 Ark. 634, 816 S.W.2d 872 (1991), did this court question the prosecutor's act of informing the prospective jurors of what the minimum and maximum penalties for the charged offenses were. He adds that the circuit court's ruling in the instant case is at odds with the purpose of *voir dire*, which is to enable counsel for both parties to discover if there is any basis for a challenge for cause.

At issue here is the following colloquy:

DEFENSE COUNSEL: Okay. Now if — and, again, I'm not conceding anything, but I have to ask, because some people might say, well, this is not the case for me. If there is a conviction on aggravated robbery, is anyone uncomfortable with the penalty range being 10 to 40 years, or life, in the Arkansas Department of Prisons?

PROSECUTOR: May we approach, Your Honor?

THE COURT: Yes.

PROSECUTOR: (At the Bench) She has been on the record and asked if a term of years in a voir dire situation, would be improper. She should ask whether the jury can consider the full range of punishment. You know, what she's not telling them is that she's got lessers as well. So I think what's going on here is she's trying to set them up to say, Oh, My Gosh, I said ten years minimum, and I would ask that that not be allowed that she can tell them the range, and I would ask that that be struck.

DEFENSE COUNSEL: I present Thomas v. State, and I don't have the case on me, I'm sorry, I can get it during a break. I'm allowed to ask specific questions regarding the penalty range because someone might say I'm not able to sit on a case where life is one of the penalty ranges, similar to a death penalty case, Your Honor.

THE COURT: What does a death penalty case have to do with this?

DEFENSE COUNSEL: I said it is an analogy to a death penalty case, that you can in a non-death penalty case, go into the full scope of ranges.

THE COURT: You can ask them if they can consider the full range of penalty. You cannot tell them what it is. You may proceed.

The course and conduct of *voir dire* examination of prospective jurors are within the circuit judge's sound discretion, and the latitude of that discretion is wide. *See* Ark. R. Crim. P. 32.2 (2005); *Isom v. State*, 356 Ark. 156, 148 S.W.3d 257 (2004).

Decisions regarding *voir dire* will not be reversed absent an abuse of discretion. *See Moore v. State*, 362 Ark. 70, 207 S.W.3d 493 (2005); *Isom v. State, supra.*

Three Arkansas cases appear to touch on this subject. In *Haynes v. State*, 270 Ark. 685, 606 S.W.2d 563 (1980), this court reversed and remanded Haynes's convictions on the basis that several members of the *venire* were excluded because they expressed reservations about assessing the combined maximum possible sentence for the offense charged. This court characterized the prosecutor's examination during *voir dire* as seeking to select "a panel which would agree, in advance of the trial, to assess the maximum punishment if the appellant were found guilty." 270 Ark. at 688, 606 S.W.2d at 564. We further observed that the purpose of selecting a jury is to obtain a panel that will be fair and impartial to the accused as well as to the state. *See id.* We concluded that the jury in the case:

> was composed of 12 people who may have felt obligated, in advance of hearing the evidence, to consider imposing the maximum punishment if the accused were found guilty. They were not chosen upon their promise to consider the full range of penalties provided by law, as the court had correctly stated at one point earlier in the proceedings.

*Id.* at 690-91, 606 S.W.2d at 565. Because of the unfairness of the type of questions presented to the *venire*, we held that the questions clearly constituted prejudicial error. *See id.*

We turn next to the cases cited by Dillard in support of his argument. In *Stephens v. State*, 277 Ark. 113, 640 S.W.2d 94 (1982), the appellant claimed that the trial judge erred when he allowed the prosecutor to question prospective jurors about their willingness to impose the maximum sentence. Despite this assertion, this court described the situation in Stephens's *voir dire* as follows: ". . . after stating the minimum and maximum penalties for the crimes charged, the prosecutor asked the prospective jurors whether they would consider the maximum penalty." 277 Ark. at 115, 640 S.W.2d at 95. This court then distinguished the case from that in *Haynes v. State, supra*, saying that "no juror in this case was asked to commit to a possible penalty or to express an opinion on whether such a penalty would be suitable[; t]he jurors were asked only whether they would consider all the penalties provided by law." *Id.*, 640 S.W.2d at 95. Thus, we found no prejudicial error.

Lastly, in *Felty v. State*, 306 Ark. 634, 816 S.W.2d 872 (1991), the prosecutor said the following during *voir dire*:

> The charge against [the appellant] is a Class Y Felony that carries from 10 to 40 years or life. He's charged with two counts of that. Is there anyone here, that if they found that he committed these acts, that could not sentence him to a long term in the penitentiary? If you can't do that, even though the law requires it based on the facts, is there anyone here that can't —

306 Ark. at 636-67, 816 S.W.2d at 873. Defense counsel objected. This court, after discussing both the *Haynes* and *Stephens* decisions, concluded that the prosecutor's statement during Felty's *voir dire* was similar to that in *Stephens*. We noted that in Felty's case, the prosecutor explained the minimum and maximum sentences for the crime committed to the *venire* and asked potential jurors whether any of them could not sentence Felty to a "long term in the penitentiary." *Id.* at 638, 816 S.W.2d at 874. We then held that the prosecutor was essentially asking jurors whether they could impose the maximum sentence in a way that was essentially approved in *Stephens*.

In the case before us, Dillard's counsel asked members of the *venire* whether any of them were uncomfortable with the sentence for aggravated robbery. This questioning, albeit by defense counsel as opposed to the prosecutor, falls more within the realm of the *Stephens* and *Felty* cases in that it sought to determine whether the jurors could consider the term of years for aggravated robbery provided by law. Accordingly, the circuit judge abused his discretion in sustaining the prosecutor's objection to defense counsel's question.

That being said, this court has held that it will not reverse for non-prejudicial errors in jury selection. *See, e.g., State v. Vowell*, 276 Ark. 258, 634 S.W.2d 118 (1982). In the instant case, the jury sentenced Dillard to the minimum number of years of imprisonment for aggravated robbery, which was ten years. Ten years was also the minimum sentence first posed to the potential jurors by defense counsel during *voir dire*. There is, too, the point that defense counsel announced to the court that the jury was "good" for the defense and identified no juror who had been prejudiced by the circuit judge's ruling. All this being the case, we find no basis for prejudicial error.

Accordingly, the judgment of conviction is affirmed.