2011 Ark. App. 533

**Ryan McELROY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 11–30.**

Court of Appeals of Arkansas.

Sept. 14, 2011.

Rehearing Denied Oct. 26, 2011.

Danny Ray Williams, Little Rock, AR, for appellant.

Dustin McDaniel, Atty. Gen., John T. Adams, Little Rock, for appellee.

RAYMOND R. ABRAMSON, Judge.

A Pulaski County jury found appellant Ryan McElroy guilty of sexual assault in the second degree. Appellant was sentenced to twelve years in the Arkansas Department of Correction and fined $15,000. For reversal, he argues that the circuit court erred in (1) allowing certain questions by the prosecutor during voir dire and (2) admitting, during the sentencing phase, the testimony of a woman who stated that appellant had raped her nine years before. We affirm.

Appellant was charged with rape in a felony information filed March 2, 2009. The victim was a Little Rock police officer who had known appellant for years and had previously dated appellant's brother. The alleged rape took place in the victim's home after the two had been at the same night club on New Year's Eve.

A trial was held on September 14 and 15, 2010. The case presented a credibility determination for the jury. The victim testified that appellant held her down, pulled down her leggings, and forcibly engaged in sexual intercourse. Appellant testified that sexual contact occurred, but that it was consensual. The jury acquitted appellant of rape, but found him guilty of the lesser-included offense of sexual assault in the second degree.

## I. Voir Dire

Appellant contends that the circuit court committed reversible error when it overruled his objection to what he characterizes as the State's attempt to "fact qualify" the jury on the elements of rape. Specifically, he objected to questions regarding whether the jurors believed that someone could be raped by a person she knew, whether "no means no," and whether any certain amount of force was necessary to constitute rape. Finally, the prosecution asked whether people "trained in the military and different things like that" could be the victims of violent crimes. The court overruled all objections. At the conclusion of voir dire, both the prosecution and the defense agreed that the jury was satisfactory.

Arkansas Rule of Criminal Procedure 32.2 (2010) provides

(a) Voir dire examination shall be conducted for the purpose of discovering bases for challenge for cause and for the purpose of gaining knowledge to enable the parties to intelligently exercise peremptory challenges.

    . . . .

(b) The judge shall then put to the prospective jurors any question which he thinks necessary touching their qualifications to serve as jurors in the cause on trial. The judge shall also permit such additional questions by the defendant or his attorney and the prosecuting attorney as the judge deems reasonable and proper.

Our supreme court has explained that the course and conduct of voir dire examination of prospective jurors are within the circuit judge's sound discretion, and the latitude of that discretion is wide. *Dillard v. State*, 363 Ark. 491, 493, 215 S.W.3d 662, 664 (2005). Decisions regarding voir dire will not be reversed absent an abuse of discretion. *Id.*

The State contends that the trial court's rulings should be affirmed because appellant failed to ask for specific relief when he made his objections to the voir dire questions and he told the trial court that the jury was satisfactory at the close of voir dire. In *Davis v. State*, 365 Ark. 634, 232 S.W.3d 476 (2006), our supreme court wrote

Appellant did not seek particular relief, such as an admonition to the jury, when the prosecutor educated the jury on different forms of intent. In addition, both parties agreed that the jury panel was satisfactory at the conclusion of voir dire. The trial court was lenient towards both parties by allowing the prosecution to touch on intent, and allowing the defense to educate the jury on justi-

fication. Based upon these circumstances, we therefore hold that the trial court did not abuse its discretion, and we affirm on this point.

*Id.* at 641, 232 S.W.3d at 483. These same factors are present in this case—appellant did not request an admonition to the jury and did agree that the jury panel was satisfactory. Also, the defense was afforded fairly wide latitude during voir dire in this case:

Now, you were asked many questions about who could be victimized and do people act and respond differently? Don't you agree that the way people respond and how they act depends upon their life experiences, their personality?

    . . . .

[W]ouldn't you expect certain people with certain kinds of training to react a certain way whereas a person didn't have that kind of training may react differently? Is that a fair statement? Anybody disagree with that?

The cases appellant relies on are not persuasive. In *Haynes v. State*, 270 Ark. 685, 606 S.W.2d 563 (1980), the supreme court reversed where the trial court had excused for cause prospective jurors who expressed reservations about imposing the maximum sentence of forty years. The supreme court noted that "[t]he jury in this case was composed of 12 people who may have felt obligated, in advance of hearing the evidence, to consider imposing the maximum punishment if the accused were found guilty." *Id.* at 690–91, 606 S.W.2d at 565. Here, there are no such concerns.

In *Christopher v. State*,[1] 340 Ark. 404, 10 S.W.3d 852 (2000), Kelley Christopher was charged with capital murder. The trial court sustained the State's objection to Christopher's lawyer's questions to pro-

---

1. In his brief, appellant refers to this case as *Kelly v. State.*

spective jurors regarding whether they would consider lesser-included offenses. The State objected on the grounds that it was unknown whether the jury would receive instructions on any lesser offense, and the trial court agreed and instructed Christopher's counsel to simply ask the prospective jurors if they would be able to follow any instruction submitted to them. The supreme court found that the trial court had not abused its discretion, and nothing about *Christopher* compels us to find an abuse of discretion in the present case. Both *Haynes* and *Christopher* stand for the proposition that there are limits to the questions that can be asked during voir dire, but we do not find any specific applicability to appellant's case.

Arkansas Code Annotated section 16–31–102(b)(3) prohibits a person who has "formed or expressed an opinion concerning the matter in controversy which may influence his judgment" from serving on a jury, except by consent of all parties. Appellant contends that the jurors in this case had already agreed in advance that a combat or military-trained person could be raped with minimal force, that a rape or sexual assault may occur without the use of violence or force, that "no means no" in any given situation, and that the victim should be given "a fair shake" in determining whether her failure to immediately report the incident to law enforcement was reasonable. We disagree that a violation of the statute occurred in this case. Significantly, the jurors were not asked to agree that rape could occur without force; the questions were directed to the *amount* of force necessary.

In sum, the trial court did not abuse its discretion in allowing the prosecution's questions.

### II.  Testimony at Sentencing

Appellant next argues that the circuit court committed reversible error by allowing, during the sentencing phase, the testimony of a woman who stated that appellant had raped her in 2001, when she was nineteen years old. Appellant contends that this "specific instance" evidence was improper under Ark. R. Evid. 404(b) (Character evidence is not admissible to show that a person acted in conformity therewith, but is admissible for other purposes.) and 405 (methods of proving character).

■■■ The first issue that arises is whether this point has been preserved for appellate review. To preserve an argument for appeal, there must be an objection in the trial court that is sufficient to apprise the court of the particular error alleged. *Eliott v. State*, 342 Ark. 237, 242, 27 S.W.3d 432, 435–36 (2000). A party cannot change the grounds for an objection on appeal but is bound by the scope and nature of the arguments made at trial. *Id.* Here, appellant initially objected to the relevance of this witness's testimony, with the prosecution responding that the proposed testimony—showing that "it's not the first time he committed this act"—was relevant character evidence. The court overruled the objection. The following colloquy took place a short time later:

> DEFENSE: Judge, I just don't—so that the record is clear, I think I made only a relevance objection. Before she gets into it, for purposes of the record, I understand your ruling, but I'm objecting also on the basis that this is—would be other wrongs and acts that he's not been tried on or convicted of. And it's so prejudicial that any probative value is greatly outweighed by the prejudicial effect on it. Just because I did not object to that and they wouldn't let me argue it if I don't make that objection. So if

the Court would just rule on that basis also.

THE COURT: Do you want to respond on that basis?

PROSECUTION: Your Honor, again, this is relevant character evidence that the Defense has been aware of for some time and I believe the statutes are clear that this evidence is evidence that the jury can consider at this stage.

THE COURT: Okay, it's overruled.

Appellant did not argue that character evidence can include only opinion and reputation under Rule 405, as he now asserts. Thus, appellant's argument on appeal exceeds the scope of his argument to the trial court.

■ If appellant's argument had been properly preserved, we would still affirm. The decision to admit or exclude evidence is within the sound discretion of the trial court, and we will not reverse a trial court's decision regarding the admission of evidence absent a manifest ⌐₇abuse of discretion. *Teater v. State*, 104 Ark.App. 268, 271, 290 S.W.3d 623, 625 (2009) (citing *Rollins v. State*, 362 Ark. 279, 208 S.W.3d 215 (2005)).

Arkansas Code Annotated section 16–97–103 (Repl.2006) provides a non-exhaustive list of evidence relevant to sentencing, and relevant character evidence is included. Ark.Code Ann. § 16–97–103(5). Our supreme court has held that character evidence that might not be admissible at the guilt phase under Ark. R. Evid. 404 could be admissible at sentencing under Ark. Code Ann. § 16–97–103(5). *Crawford v. State*, 362 Ark. 301, 306, 208 S.W.3d 146, 149 (2005). *See also Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002) (discussing bifurcation of criminal trials and noting that new evidence may be submitted at sentencing); *Brown v. State*, 2010 Ark. 420, at 14, 378 S.W.3d 66, 74 ("[O]ur hold-ings in *Crawford* and *MacKool* govern this case, and evidence of prior or subsequent uncharged criminal conduct can be admissible at the penalty phase of a trial if it is relevant evidence of the defendant's character or as evidence of an aggravating circumstance.").

In *MacKool v. State*, 365 Ark. 416, 231 S.W.3d 676 (2006), our supreme court found no abuse of discretion in the admission of evidence, during the penalty phase after a finding of guilt for first-degree murder and theft of property, of prior violent or threatening acts by the appellant. There, prosecutors introduced evidence that the appellant had, years ago as a seventeen-year-old, hit and killed a boy and, more recently in a domestic dispute, threatened to kill his girlfriend and then threatened police. MacKool argued that the circuit court erred in admitting evidence of the thirty-two-year-old investigation and the ten-year-old expunged conviction, but the supreme court affirmed.

■ ⌐₈In the present case, there was no abuse of discretion in the circuit court's determination that the testimony of another acquaintance-victim of forced sexual assault by appellant was relevant character evidence that the jury could consider in determining the proper sentence. We likewise find no merit in appellant's argument that, because he was acquitted of the rape charge, the evidence of a previous rape was irrelevant and should have been ruled inadmissible as unduly prejudicial under Ark. R. Evid. 403.

Affirmed.

ROBBINS and GRUBER, JJ., agree.