McClung *v.* State.

4609                                             230 S. W. 2d 34

Opinion delivered May 15, 1950.

Rehearing denied June 12, 1950.

*Ed F. McDonald* and *S. J. Reid,* for appellant.

*Ike Murry,* Attorney General, and *Robert Downie,* Assistant Attorney General, for appellee.

LEFLAR, J.   Defendant McClung was indicted for the crime of involuntary manslaughter on account of the death of Mrs. Fannie Vailes in a highway collision between a truck driven by defendant and another truck in which Mrs. Vailes was a passenger, driven by Jim Vailes, her husband.   The trial in Circuit Court resulted in a jury verdict of conviction, with a one-year penitentiary sentence.   Defendant's appeal is based upon alleged errors in the instructions given and refused by the trial judge.

The evidence given by the prosecution indicated that defendant may have been drunk at the time of the collision, that his vehicle had been weaving from one side to the other of a busy highway for some miles before the collision occurred, and that Vailes, driver of the other truck, had pulled toward the left side of the highway in an effort to avoid defendant's truck but was struck by defendant who pulled back toward the right side of the road just as he came up to Vailes' vehicle.   This set of facts of course suggested the possibility that negligence in both Vailes and the defendant constituted concurrent proximate causes of the collision and ensuing death.

(1) One point urged by defendant is that he should not be convicted unless Mrs. Vailes' death was caused *solely* by his wrongful conduct. This view appears in defendant's objection to the State's instruction number 1, given by the Court, also in defendant's instruction number 3, refused by the Court. The law is otherwise. It has long been well settled that one whose wrongdoing is a concurrent proximate cause of an injury is criminally liable therefor (other elements of liability being present) the same as if his wrongdoing were the sole proximate cause of the harm done. This is true both as against a plea of contributory negligence in the person harmed, *Bowen* v. *State,* 100 Ark. 232, 140 S. W. 28; *Benson* v. *State,* 212 Ark. 905, 208 S. W. 2d 767; and a plea of concurring negligence in another, *Bishop* v. *State,* 73 Ark. 568, 84 S. W. 707; *Taylor* v. *State,* 193 Ark. 691, 101 S. W. 2d 956. Also see 1 Wharton, Criminal Law (12th Ed.), § 204.

(2) Another point urged by defendant is that there was error in instruction number 6, offered by the State. This instruction dealt with concurrent negligence and would have permitted the jury to find defendant guilty, despite the concurring negligence of another, if it found that defendant's acts "were a necessary part of the chain of acts and that the death would not have been caused except for the unlawful act or acts, if any, of the defendant." The unsoundness of this instruction is obvious. It is a statement of mere "but for" causation in its crudest form. Under it, a defendant who had a week previously stolen the truck he was driving would be made criminally liable for a death occurring in a collision in which he was not at fault, since "the death would not have been caused except for the unlawful act . . . of the defendant" in stealing the truck which otherwise he would not have been driving. For proximate causation we must find more than that a given result would not have happened but for the prior occurrence of fact "A"; we must find that fact "A" was a substantial and currently operative factor in bringing about the result in question. See Restatement, Torts, § 431.

In the instant case, however, there was no evidence of far-fetched and remote causation, as distinguished from evidence indicating acts of the defendant which were substantially and currently operative in producing the collision and death, by which the jury could have been distracted. So long as there was no evidence to which the erroneous instruction could be applied, it is improbable that the defendant would be harmed by it. Other instructions given by the Court made the matter of causation reasonably clear to the jury.

Apart from that, defendant's objection to instruction 6 was not on the ground that it was an erroneous statement as to what constitutes proximate causation. The objection was "specifically for the reason that the acts of others might preponderate the acts of the defendant that would be the direct result of the injury and the defendant could not be liable for these acts and for the further reason it is not a correct definition of the law in this case." This objection did not raise nor call the Court's attention to the specific error just discussed.

Finally, the transcript in the case does not show that the State's instruction number 6 was ever given to the jury. Defendant's brief on appeal assumes that it was given, and argues the point accordingly, but the transcript merely recites the defendant's objection (quoted above) to the instruction, then moves on to the next instruction. In every other instance in which an instruction requested by either party was given, the fact that it was given is specifically recited in the transcript. Under this state of the record it is permissible to assume that the trial judge quite properly omitted number 6 from the instructions which he gave to the jury.

(3) Defendant argues that there was further error in the State's instruction number 1, given by the Court, in that it told the jury that defendant might be found guilty if he operated his truck "in a careless and reckless manner," thus causing the death of Mrs. Vailes. The governing statute, Ark. Stats., § 41-2209, defines the crime of involuntary manslaughter in terms of death ensuing "as a proximate result of injury received by

the driving of any vehicle in reckless, willful *or* wanton disregard of the safety of others." Since the alternative "or" is used in the statute, rather than "and," there was no error in instructing that the defendant would be guilty if he drove in a "reckless manner," without mentioning the alternative possibilities of willfulness and wantonness. Omission from the instruction of these additional bases for finding guilt was favorable rather than harmful to the defendant's cause. Apart from that, the Court in its instruction number 8 read the whole statute (§ 41-2209) to the jury, and also gave to the jury the defendant's requested instruction number 6, which was: "You are further instructed that criminal negligence, under the involuntary manslaughter statute, is something more than ordinary negligence, which would authorize a recovery in a civil action, but is the reckless disregard of consequences or a needless indifference to the rights and safety of others with a reasonable foresight that injury would probably result."

In the light of all the instructions given, it is clear that the jury was not misled as to the type of misconduct a defendant must be guilty of to bring him within the involuntary manslaughter statute.

(4) Finally, defendant argues that the Court below erred in modifying defendant's requested instruction number 4 by including therein a reference to defendant's "driving under the influence of intoxicants" as a basis for criminal liability for involuntary manslaughter. The State's instructions 3 and 4, already properly given by the Court, covered the same ground, and defendant's argument is that the Court's additional reference to drunken driving in this instruction "unduly stressed" this phase of the case. We cannot agree. Rather, it appears that the modification was necessary in order to bring the requested instruction into line with the other instructions already properly given.

(5) Several other allegations of error are set out in the defendant's motion for new trial but are not argued in the brief on appeal. We have carefully examined all of them, and have re-read the record in reference to them.

Our conclusion is that none of them sets forth a valid ground for reversal of defendant's conviction.

The judgment of the Circuit Court is affirmed.