Stanley Demarcus RHODES *v.* STATE of Arkansas

CR 87-68                                                736 S.W.2d 284

Supreme Court of Arkansas
Opinion delivered September 28, 1987

*Marie-Bernarde Miller, P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Stanley Rhodes has appealed from the denial of a petition for a Rule 37 hearing. On February 7, 1985, Rhodes was charged with several offenses committed a few

days earlier. He had robbed two citizens in separate but closely timed incidents. A North Little Rock police officer attempted to apprehend him and Rhodes fired three times with one of the shots wounding the officer.

Rhodes was charged with three counts of aggravated robbery—two relating to the private individuals and one resulting from his armed efforts to resist apprehension by the officer after the robberies. Rhodes was also charged with attempted capital felony murder for shooting at and wounding a police officer.

On November 12, 1985, Rhodes pleaded guilty to the above charges. Four additional charges were nol prossed. He was sentenced to twelve and fifteen years for the robberies, forty years for the armed resistance immediately after the robberies and thirty years for the attempted capital murder. The sentences were ordered to run consecutively.

Rhodes filed a timely Rule 37 petition and from the denial of that petition he brings this appeal. He raises only one issue, which has no merit. He argues that the court erred by failing to set aside the aggravated robbery charge involving the policeman as it was a lesser included offense of attempt to commit capital murder.

Appellant makes this argument on three different theories, first that the aggravated robbery was the underlying felony of the attempted capital murder charge and should be set aside. Appellant cites us to those cases where we have held that one cannot be convicted of both capital felony murder and the underlying felony that supports it. *Hill* v. *State*, 278 Ark. 194, 644 S.W.2d 282 (1983); *Rowe* v. *State*, 275 Ark. 37, 627 S.W.2d 16 (1982).

However, as the trial court correctly held, appellant was charged with the attempted murder of a police officer which is attempted capital murder, Ark. Stat. Ann. § 41-1501(1)(b), and not of attempted murder in the course of those felonies specified in § 41-1501(1)(a). While the statutes are not mentioned in the charging documents, a description of the crime committed is. It relates only to the attempted shooting of the officer and essentially restates the language of § 41-1501(1)(b). No other facts are mentioned relating to any felony to otherwise support the charge. As appellant was not charged or convicted of

capital felony murder under § 41-1501(1)(a), but under § 41-1501(1)(b), which requires no underlying felony, there is no merit to his argument.

■ Appellant next contends that in proving the elements of attempted capital murder it is necessary to prove the elements of aggravated robbery. *Thomas* v. *State*, 280 Ark. 593, 660 S.W.2d 169 (1983) is dispositive of this point. We stated that one offense can't be a lesser included offense of the other when each requires proof of a fact which is not required by the other, the elements of the statutory definitions being different.

In *Thomas* the appellant argued that first degree battery was a lesser included offense of aggravated robbery. Appellant was charged with battery under § 41-1601(1)(c):

(1) A person commits battery in the first degree if:

\*\*\*

(c) he causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life.

The charge of robbery was made under § 41-2102(1)(a):

(1) A person commits aggravated robbery if, [with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to employ physical force upon another] and he

(a) is armed with a deadly weapon, or represents by word or conduct that he is so armed . . . .

We noted that first degree battery under this section requires serious physical injury to another, while aggravated robbery does not. And aggravated robbery requires the purpose of committing theft and being armed with a deadly weapon, while the first degree battery charge does not.

In our case, appellant was convicted of both aggravated robbery and attempted capital murder. Capital murder under § 41-1501(1)(b) provides:

(1) A person commits capital murder if:

\*\*\*

(b) with the premeditated and deliberated purpose of causing the death of any law enforcement officer . . . when such person is acting in line of duty, he causes the death of any person;

Attempted capital murder under this section would require an attempt to cause the death of a person, and specifically a law officer acting in the line of duty. Aggravated robbery has no such requirements. Aggravated robbery requires the purpose of committing theft and being armed with a deadly weapon while the capital murder offense does not. Each offense requires proof of a fact not required by the other.

As his final point appellant contends that under § 41-105(1)(2) his conduct was continued and uninterrupted and he cannot be convicted of two offenses.

Ark. Stat. Ann. § 41-105(1)(e) provides:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(e) the conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

Appellant states that in the course of resisting apprehension there was a struggle and he fired on the arresting officer three times with the officer's revolver. He contends his conduct was uninterrupted and only a continuation of the robbery, that he should only be prosecuted for one crime.

As the state points out, the record contains a meager account of the facts and the burden is on the appellant to bring up a sufficient record to demonstrate error. As the record stands, there is no apparent error. *Sharum* v. *Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978). However, appellant's argument must fail in any case. As the 1983 Commentary to § 41-105(1)(e) points out:

On several occasions, a defendant has mistakenly argued that *his conduct* was a continuing course of conduct and

that multiple convictions were therefore prohibited by subsection (1)(e) . . . . Subsection (1)(e) applies only when *an offense* is defined as a continuing course of conduct. . .

The original Commentary to the section provides:

Subsection (1)(e) prohibits multiple convictions for an uninterrupted course of conduct that violates a statute defining a continuing offense. It would find application in prosecutions for such offenses as nonsupport (§ 41-2405) or promoting prostitution (§§ 41-3004—3006).

Aggravated robbery is not a continuing offense, as discussed in the Commentary to the statute. See *Britt* v. *State*, 261 Ark. 488, 549 S.W.2d 84 (1977). As we perceive the facts in this case § 41-105(1)(e) has no application. Here appellant was charged with two separate offenses and for different conduct for each offense as pointed out in the previous argument. He was not charged with several counts for the same continuous crime which is what § 41-105(1)(e) is directed to.

Affirmed.