Thomas TACKETT *v.* STATE of Arkansas

CR 87-189                                         745 S.W.2d 625

Supreme Court of Arkansas
Opinion delivered February 29, 1988
[Rehearing denied March 14, 1988.]

*Achor and Rosenzweig,* by: *Jeff Rosenzweig,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant contends that the trial court is subjecting him to double jeopardy and denying him a speedy trial and files this petition for a writ of prohibition. We decline to issue the writ.

On March 24, 1983, on U.S. Highway 65 North in the town of Jefferson, appellant drove his van only two to three feet behind a car driven by Lesa Diffee. Nancy House and Denise Barrentine were passengers in the Diffee car. With the front of his van, appellant began to strike the rear bumper of the Diffee car, causing Diffee to lose control of her car. In the ensuing crash, Nancy House was killed instantly, Lesa Diffee was injured but later recovered, and Denise Barrentine was injured and went into a vegetative coma. On March 30, 1983, the appellant was charged with manslaughter in the death of Nancy House, and also was charged with leaving the scene of an accident. He was convicted on both counts and appealed the manslaughter conviction. The conviction was affirmed. *Tackett* v. *State*, 12 Ark. App. 57, 670 S.W.2d 824 (1984). During this entire period Denise Barrentine remained in a coma. On March 2, 1987, she died and on April 29, 1987, appellant was charged with manslaughter in her death.

■ Appellant argues that Ark. Stat. Ann. § 41-107 (Repl. 1977) bars this latest prosecution. The argument is without merit. The statute, in the material part, provides that an acquittal or conviction in a prior prosecution bars a subsequent prosecution of any offense based upon the same conduct *unless the second offense was not consummated when the former trial began.* The crime of manslaughter is not consummated until the death of the victim. Ark. Stat. Ann. § 41-1504 (Repl. 1977). Since Denise Barrentine was not dead at the time of the conviction, this subsequent prosecution is not barred. This "not yet consummated" exception to a defendant's right not to be tried twice for the same offense does not violate the principle of former jeopardy. *Brown* v. *Ohio*, 432 U.S. 161, 169 n.7 (1977); *Blackledge* v. *Perry*, 417 U.S. 21, 29 n.7 (1974); and *Diaz* v. *United States*, 223 U.S. 442, 448-49 (1912). In summary, appellant has no former jeopardy defense to his trial for recklessly causing the death of Denise Barrentine.

Appellant next argues that the time for "speedy trial has run because appellant was arrested on a charge arising out of the same conduct which actually dealt with injury to Ms. Barrentine" and that he "was arrested on these charges in 1983."

■ The argument is a misapplication of the speedy trial

rules. Those rules do not contemplate that speedy trial time would be counted prior to the final act which made the crime complete. In this instance that was the death of Denise Barrentine. The rules cannot go into effect until all of the elements of the crime have been completed. *State* v. *Anderson*, 94 Wash. 2d 176, 616 P.2d 612, 616 (1980). Here, the appellant has been brought to trial in a timely manner after the final element of the crime occurred.

Appellant argues three other points of appeal, but they are not ripe for decision in this petition. They will be decided, if ever, after full development below and a final order.

Writ of prohibition denied.