Thomas Jeffery TACKETT *v.* STATE of Arkansas

CR 88-137 766 S.W.2d 410

Supreme Court of Arkansas
Opinion delivered February 20, 1989

*Jeff Rosenzweig*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant Thomas Jeffery Tackett was convicted of manslaughter and sentenced to seventeen years imprisonment. For reversal he argues that the trial court erred in holding that the prosecution could impeach his testimony with evidence of prior convictions arising from the same incident and in permitting the prosecution to use these prior convictions to enhance punishment. We hold that these arguments have merit and reverse and remand.

In addition, Tackett contends that the trial court erred in refusing to give the jury instructions on lesser included offenses and that his conviction should be reversed because the information did not conform to the proof and because the State failed to prove the victim's cause of death. He also alleges that his prosecution is barred by principles of double jeopardy, speedy trial guarantees, the statute of limitations, and due process guarantees. We will address these issues since they are likely to arise on retrial.

On March 24, 1983, on U.S. Highway 65 North in the town of Jefferson, Arkansas, Tackett drove his van only two to three feet behind a car driven by Lesa Diffee. With the front of his van, Tackett began to strike the rear bumper of the Diffee car, causing Diffee to lose control of her car. In the ensuing crash, Nancy House, a passenger, was killed instantly; Lesa Diffee was injured but later recovered; and another passenger, Denise Barrentine, was injured and went into a coma. On March 30, 1983, Tackett was charged with manslaughter (Ark. Stat. Ann. § 41-1504 (Repl. 1977), currently Ark. Code Ann. § 5-10-104 (1987)) in the death of Nancy House and leaving the scene of an accident (Ark. Stat. Ann. § 75-901 (Repl. 1981), currently Ark. Code Ann. § 27-53-101 (Supp. 1987)). In September 1983 he was convicted of both offenses and sentenced to a term of eight years

imprisonment on the manslaughter conviction and a $10,000.00 fine on the leaving the scene of an accident conviction. He then appealed the manslaughter conviction. The court of appeals affirmed. See *Tackett v. State*, 12 Ark. App. 57, 670 S.W.2d 824 (1984).

During this entire period, Denise Barrentine remained in a coma. On March 2, 1987, she died; on April 29, 1987, Tackett was charged with manslaughter for recklessly causing her death.

By pre-trial motion Tackett sought dismissal of the man-slaughter charge on the grounds his prosecution was barred by principles of double jeopardy, speedy trial guarantees, the statute of limitations, and due process guarantees. The trial court denied the motion.

Tackett then sought a writ to prohibit the State from proceeding with his prosecution based upon the grounds stated in his pre-trial motion. We denied his petition in *Tackett v. State*, 294 Ark. 609, 745 S.W.2d 625 (1988), holding that neither double jeopardy nor the speedy trial rules barred his trial for recklessly causing the death of Denise Barrentine. As for his other complaints, we held that they were not yet ripe for decision. Thereafter, Tackett was convicted of manslaughter. He appeals from this conviction.

## I. IMPEACHMENT WITH PRIOR CONVICTIONS.

Tackett argues that the trial court erred in ruling that the prosecution could impeach his testimony with evidence of his prior convictions for manslaughter and leaving the scene of an accident arising from the same incident. We agree.

At a pre-trial hearing, defense counsel asked the trial court to rule that if Tackett elected to testify, the prosecution could not impeach his credibility with the convictions for manslaughter and leaving the scene of an accident arising from the same incident. Following the court's denial of this motion, Tackett elected not to testify.

Under Ark. R. Evid. 609(a)(1), a witness's credibility may be attacked by admitting evidence that he or she has been convicted of a crime only if (1) the crime was punishable by death or imprisonment in excess of one year under the law under which

he was convicted; and (2) the trial court determines pursuant to Ark. R. Evid. 403 that the probative value of admitting this evidence outweighs its prejudicial effect to a party or witness. *Pollard* v. *State*, 296 Ark. 299, 756 S.W.2d 455 (1988). A trial court has wide discretion in determining the admissibility of such evidence, and its decision will not be reversed absent an abuse of discretion. *Id.*

■ Under the circumstances of this case, the prejudicial effect of admitting the prior convictions for manslaughter and leaving the scene of an accident outweighs the probative value of the convictions as bearing on credibility. Since both convictions arose out of the same occurrence as the present manslaughter conviction, a juror would logically conclude that if Tackett was convicted of manslaughter and leaving the scene of an accident in the prior case, he must have committed manslaughter in the case at bar. For this reason, we find that the trial court abused its discretion in ruling that the prosecution could impeach Tackett's testimony with these prior convictions.

## II. USE OF PRIOR CONVICTIONS FROM THE SAME INCIDENT TO ENHANCE PUNISHMENT.

Tackett contends that the trial court erred in allowing the prosecution to use his prior manslaughter and leaving the scene of an accident convictions arising from the same incident as the present manslaughter conviction to enhance punishment. This contention has merit.

In *Washington* v. *State*, 273 Ark. 482, 621 S.W.2d 216 (1981), we held that a prior conviction was admissible to enhance punishment pursuant to the Habitual Offender Act (Ark. Stat. Ann. §§ 41-1001—41-1005 (Repl. 1977), currently Ark. Code Ann. §§ 5-4-501—5-4-504 (1987)) although the conviction was for an offense occurring after the offense on appeal. This holding was based upon our determination in *Conley* v. *State*, 272 Ark. 33, 612 S.W.2d 722 (1981), that the Habitual Offender Act, which provides that a prior conviction, regardless of the date of the crime, may be used to enhance punishment, was not designed to act as a deterrent, but is simply punitive.

■ The obvious intent of the Act is to enhance punishment of a party who has a habit of criminal conduct. The manslaughter

charge in connection with the death of Nancy House and the charge for leaving the scene of the accident for which Tackett was previously convicted and the manslaughter charge in connection with the death of Denise Barrentine in the case at bar all arose from Tackett's single act of recklessly driving his car into the victims' car. To utilize these prior convictions arising from one single act to enhance punishment pursuant to the Habitual Offender Act contravenes fundamental fairness and due process. Simply put, there is nothing habitual about the commission of a single criminal act resulting in multiple charges and convictions.

## III. ISSUES ON REMAND.

### A. LESSER INCLUDED OFFENSES.

Tackett argues the trial court erred in refusing to give the jury instructions on lesser included offenses of (1) battery in the second degree as defined in Ark. Code Ann. § 5-13-202(a)(3) (1987) and (2) battery in the third degree as defined in Ark. Code Ann. § 5-13-203(a)(3) (1987). We disagree.

The threshold question before us is whether battery in the second degree and battery in the third degree as defined in §§ 5-13-202(a)(3) and 5-13-203(a)(3) are lesser included offenses of manslaughter as defined in Ark. Code Ann. § 5-10-104(a)(3) (1987).

Before an offense will be considered a lesser included offense of a greater one, three basic requirements must be met: (1) the lesser offense must be established by proof of the same or less than all the elements of the greater offense; (2) the lesser offense must be of the same generic class as the greater offense; and (3) the differences between the two offenses must be based upon the degree of risk or injury to person or property or upon grades of intent or degrees of culpability. *Thompson* v. *State*, 284 Ark. 403, 682 S.W.2d 742 (1985). *See also Bishop* v. *State*, 294 Ark. 303, 742 S.W.2d 911 (1988).

Under § 5-10-104(a)(3), a person commits manslaughter if he recklessly causes the death of another person. Under § 5-13-202(a)(3), a person commits battery in the second degree if he "recklessly causes serious injury to another person *by means of a deadly weapon.*" (Emphasis added.) Under § 5-13-203(a)(3), a person commits battery in the third degree if he "negligently

causes physical injury to another person *by means of a deadly weapon.*" (Emphasis added.)

■ Battery in the second degree and battery in the third degree, as defined, require proof that a deadly weapon was used. In contrast, use of a deadly weapon is not necessary for the commission of manslaughter. *See Flippo* v. *State*, 258 Ark. 233, 523 S.W.2d 390 (1975). Since battery in the second degree and third degree, as defined, require proof of an element not an element of proof of manslaughter, they are not lesser included offenses of manslaughter. *See Allen* v. *State*, 281 Ark. 1, 660 S.W.2d 922 (1983), *cert. denied*, 472 U.S. 1019 (1985). *See also Rhodes* v. *State*, 293 Ark. 211, 736 S.W.2d 284 (1987). Therefore, the trial court did not err in refusing to give the jury lesser included instructions on the offenses in question.

## B. CONFORMITY OF INFORMATION TO PROOF.

Tackett contends that his conviction should be reversed and dismissed because the information did not strictly conform to the proof. This contention is meritless.

Tackett was charged by information with committing manslaughter by recklessly causing the death of Nancy Denise Barrentine in Jefferson County, Arkansas, on March 2, 1987.

At trial the State introduced evidence that on March 24, 1983, in Jefferson County, Arkansas, Tackett caused the accident which subsequently caused Denise Barrentine's death in Pennsylvania on March 2, 1987.

■■ Granted, the information would have been more accurate if it had stated that Tackett committed the offense of manslaughter by inflicting injuries upon Barrentine on March 24, 1983, in Jefferson County, Arkansas, which caused her death on March 2, 1987, in Pennsylvania. However, notwithstanding variance in the wording of an information and the proof introduced at trial, reversal is not warranted unless the variance prejudiced substantial rights of the accused. *See Hall* v. *State*, 276 Ark. 245, 634 S.W.2d 115 (1982), *cert. denied*, 459 U.S. 1109 (1983). *See also* Ark. Code Ann. § 16-85-405(a)(2) (1987). We find no prejudice in the case at bar.

## C. FAILURE TO PROVE CAUSE OF DEATH.

Tackett also argues that the State failed to prove the cause of the victim's death in that (1) the physician (Eugene Shatz) who testified as to the cause of death was not qualified to do so and (2) even if he had been qualified, his testimony was insufficient to prove the cause of death.

■■ The standard for measuring the qualifications of an expert witness is flexible. *Bowden* v. *State*, 297 Ark. 160, 761 S.W.2d 148 (1988). If some reasonable basis exists from which it can be said that the witness has knowledge of a subject beyond that of a person of ordinary knowledge, his testimony is admissible. *Id. See also Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666 (1988). The determination of the qualifications of an expert witness lies within the sound discretion of the trial judge, and his decision will not be reversed absent an abuse of discretion. *Cathey* v. *Williams*, 290 Ark. 189, 718 S.W.2d 98 (1986).

■ A surgeon or doctor who attends a homicide victim may give his opinion on the cause of death without reference to an autopsy. *See Sims* v. *State*, 258 Ark. 940, 530 S.W.2d 182 (1975); *Stewart & McGhee* v. *State*, 257 Ark. 753, 519 S.W.2d 733, *cert. denied*, 423 U.S. 859 (1975).

The following facts can be gleaned from Dr. Shatz's testimony in a videotaped deposition admitted into evidence at trial.

(1) Dr. Shatz, who has considerable medical experience, is certified in pediatrics but not in pathology.

(2) Although Shatz does not conduct autopsies, he attends approximately three autopsies a year.

(3) In November of 1983, Dr. Shatz began treating Denise Barrentine, who was comatose as a result of an automobile accident (which occurred on March 24, 1983) in which she sustained serious injuries to many parts of her body, including her brain.

(4) Her condition, which was caused by the automobile accident, made her more susceptible to infection.

(5) During the last several months of Denise Barrentine's life, Dr. Shatz examined her on three occasions.

(6) Two weeks prior to her death, he diagnosed her as having upper respiratory congestion.

(7) On the day of her death, March 2, 1987, he examined her and determined that the immediate cause of her death was pneumonia. This conclusion was based upon her condition two weeks prior and what her mother told him had happened in the interim.

(8) It was his opinion that the motor vehicle accident was the proximate cause of her death.

(9) No autopsy was performed.

 What caused Ms. Barrentine's death is a matter beyond the common knowledge of jurors. Accordingly, the trial court did not abuse its discretion in admitting into evidence Dr. Shatz's testimony concerning this issue. *See Bowden, supra.*

Tackett's contention that Shatz's testimony was insufficient to prove the cause of death is also meritless.

 Causation of death may be found where the death would not have occurred but for the conduct of the defendant operating either alone or concurrently with another cause unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient. Ark. Code Ann. § 5-2-205 (1987). Where conduct hastens or contributes to a person's death, it is a cause of the death. *See McClung* v. *State*, 217 Ark. 291, 230 S.W.2d 34 (1950); *Rogers* v. *State*, 60 Ark. 76, 29 S.W. 894 (1894). Causation may be found notwithstanding that death occurred several years after the conduct in question took place. *See People* v. *Brengard*, 265 N.Y. 100, 191 N.E. 850 (1934).

 As noted above, Dr. Shatz testified that (a) Denise Barrentine's comatose condition, which was caused by the automobile accident, made her more susceptible to infection; (2) he diagnosed her as having an upper respiratory congestion two weeks prior to her death; (3) pneumonia was the immediate cause of her death; and (4) the car accident was the proximate cause of her death. In addition, there was testimony by other witnesses that Tackett caused the accident. Taken together, this evidence was sufficient to prove the cause of Ms. Barrentine's death.

■ Tackett's contention is essentially an attack on the credibility of Dr. Shatz. It is the jury's province, not this court's, to judge the credibility of witnesses. *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988).

## D. DOUBLE JEOPARDY, SPEEDY TRIAL, STATUTE OF LIMITATIONS, AND DUE PROCESS.

Tackett argues that his prosecution is barred by (1) principles of double jeopardy, (2) speedy trial guarantees, (3) the statute of limitations, and (4) due process guarantees.

■ In *Tackett v. State*, 294 Ark. 609, 745 S.W.2d 625 (1988), we addressed Tackett's double jeopardy and speedy trial arguments, holding that neither double jeopardy nor our speedy trial rules barred his present prosecution for manslaughter. We adhere to this position.

Tackett asserts that his prosecution is barred by the statute of limitations since his conduct occurred on March 24, 1983, and the manslaughter charges were filed on April 29, 1987, outside the three year statute of limitations established by Ark. Code Ann. § 5-1-109 (Supp. 1987) for manslaughter.

■ Under Ark. Code Ann. § 5-1-109(b)(3) and (e), the statute of limitations for manslaughter begins to run when "every element of the offense has occurred." Since Tackett did not commit the offense of manslaughter until Denise Barrentine died on March 2, 1987, the statute of limitations did not begin to run until that date. The manslaughter prosecution was brought on April 29, 1987, well within the statute of limitations. Accordingly, Tackett's contention is without foundation.

■ Tackett's due process argument is simply a rehash of his other points for reversal. Therefore, we do not address it.

Reversed and remanded.

Purtle, J., concurs.

John I. Purtle, Justice, concurring. I concur in the result reached by the majority. However, the majority opinion fails to clarify the matter of lesser included offenses. Manslaughter and battery in the *first* degree require proof of the same elements for a conviction in this case. Indeed, the appellant has already been

convicted of first degree battery on the exact same factual situation.