**STATE of Tennessee, Appellee,**

v.

**William Troy BAGGETT, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 16, 1992.

Permission to Appeal Denied by Supreme Court July 6, 1992.

Forest A. Durard, Jr., Asst. Public Defender, Fayetteville, for appellant.

Charles W. Burson, Atty. Gen., Merrilyn Feirman, Asst. Atty. Gen. of Tennessee, Nashville, W. Michael McCown Dist. Atty. Gen., and Gary M. Jones and Robert Crigler, Asst. Dist. Attys. Gen., Shelbyville, for appellee.

## OPINION

TIPTON, Judge.

The defendant, William Baggett, was convicted by a jury in the Bedford County Criminal Court for aggravated assault, a Class C felony, for which he was sentenced as a Range I standard offender to six years in the Department of Correction and fined ten thousand dollars. In this appeal as of right, he claims that the evidence is insufficient to support his felony conviction because his conduct was not the cause of the victim's serious injuries.

The proof showed that Michael Ledbetter, Dan Chase and the defendant lived in separate apartments in a house in Shelbyville, Tennessee. On the evening of June 15, 1990, they were drinking beer on the front porch and in the yard at the house. A woman they knew and the victim, Kevin Jones, came by and talked with them.

Later, the defendant, Mr. Chase, and Mr. Ledbetter went to a party at another location. The three men stayed at the party for approximately two to three hours until they were asked by the hostess to leave because the defendant "was getting red neck and rowdy."

Mr. Ledbetter testified that when the three returned to their apartment house in the early morning hours, they found the victim asleep in a chair on the front porch. He stated that Chase and the defendant walked up to the victim, saying that they did not allow black people to stay there. Chase kicked the victim several times and he and the defendant yelled at the victim, who did not awaken. Chase and the defendant picked the victim up by the arms and dragged him into the street. They laid him in the middle of the lane nearest to their house with his head approximately one foot away from the center line.

Ledbetter testified that the three were standing in the yard for a matter of seconds when a car approached. The car ran over the victim and dragged him for a distance. The car did not stop. Ledbetter said that Chase ran into his apartment, locked the doors and turned out the lights.

Ledbetter called the police from a neighbor's house.

Ledbetter testified that the defendant told the police that the victim must have walked into the road and fallen down or passed out. The defendant kept saying he did not know what had happened. Ledbetter said that the defendant told him not to say anything about what had happened, but Ledbetter told the police the truth on the following day. Also, Ledbetter stated that Chase and the defendant each offered him money not to say anything.

Ledbetter testified that the speed limit in the area is thirty miles per hour and that the car that struck the victim was going thirty-five to forty miles per hour. The parties stipulated that the victim sustained serious bodily injury from the accident.

The victim testified about his drinking beer through the evening of June 15th and his "chasing" it with vodka. He stated that the last thing he remembered that night was "putting down a can of beer" and the next thing he remembered was a nurse questioning him at the hospital. He was in the hospital for thirteen days.

Officer Nicholas Worthington, a Shelbyville police officer, investigated the hit and run accident involving the victim. He said that he measured over twenty-six feet of skid marks and over forty-three feet of "body marks." He stated that in the direction from which the car came, there were three hundred feet of straight road from the top of a hill to the site of the accident. Officer Worthington stated that the driver of the car that struck the victim was later found and charged with driving under the influence and vehicular assault.

When the sufficiency of the evidence is questioned on appeal, our standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This standard applies to our consideration of the evidence of causation.

The thrust of the defendant's argument is that the victim's injuries were caused by the car, not by his being placed onto the roadway by the defendant and Chase. He seeks support from the fact that the evidence indicated that the driver had proceeded five to six seconds upon a straight road before striking the victim. He reasons that because the driver could have avoided the accident if he had driven within the law, the injuries were inflicted by the driver's conduct—not his. Thus, although the defendant acknowledges that his conduct could constitute reckless endangerment, he contends that it could not rise to the level of aggravated assault because it did not cause serious bodily injury.

The trial court instructed the jury on both aggravated assault and reckless endangerment. As applied to this case, an aggravated assault occurs if a person intentionally, knowingly or recklessly causes serious bodily injury to another. T.C.A. §§ 39–13–101(a)(1) and –102(a)(1)(A). The offense of reckless endangerment occurs if a person "recklessly engages in conduct which places or may place another person in imminent danger of death or serious bodily injury." T.C.A. § 39–13–103(a). A distinction between the two offenses is that reckless endangerment will occur even if the victim does not suffer the threatened harm. *See* T.C.A. § 39–13–103, Sentencing Commission Comments. Obviously, if the reckless conduct causes serious bodily injury, then the offense is aggravated assault.

The defendant's argument must fail. As a matter of law, a wrongdoer cannot escape liability for a criminal act just because the criminal act of another contributed to produce the prohibited consequence. *See, e.g., State v. Kusch,* 712 S.W.2d 457, 459–60 (Mo.App.1986). Thus, one whose wrongdoing is a concurrent proximate cause of an injury may be criminally liable the same as if his wrongdoing were the sole proximate cause of the injury. *See McClung v. State,* 217 Ark. 291, 230 S.W.2d 34, 35 (1950).

A person acts recklessly, pursuant to T.C.A. § 39–11–106(a)(31), when he or she "acts ... with respect to circumstances

surrounding the conduct or the result of the conduct when [he or she] is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint."

▉ In this case, the substantial and unjustifiable risk caused by the unconscious victim being placed on the roadway at night was the danger of the victim being struck by a passing car. Obviously, the defendant was aware of, but consciously disregarded, this risk in such a fashion as to constitute a gross deviation from the standard of care that an ordinary person would have exercised. Indeed, the defendant's conduct could easily sustain a determination that his conduct was intentional and knowing, as well. *See* T.C.A. § 39–11–106(a)(18) and (20). Thus, the very event which the defendant contends was an independent, intervening cause was an event of which the defendant would be aware would constitute a substantial and unjustifiable risk of, and would result in, serious bodily injury to the victim. The danger caused by the approaching car was not created by a new and independent force, but was the very danger created by the defendant's placing the victim on the roadway. The defendant's conduct was a proximate cause of the victim's serious bodily injury so as to justify a conviction for aggravated assault.

The judgment is affirmed.

SCOTT and PEAY, JJ., concur.