Alishisa OFOCHEBE *v.* STATE of Arkansas

CA CR 91-333                                    844 S.W.2d 373

Court of Appeals of Arkansas
Division I
Opinion delivered December 2, 1992

*Daniel D. Becker* and *Terri Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y

Gen., for appellee.

JOHN E. JENNINGS, Judge. Alishisa Ofochebe was one of three drivers involved in a traffic accident in Garland County which caused two deaths. She was charged with and convicted of two counts of manslaughter and was sentenced to ten years on each count, with the sentences to run consecutively.

Appellant's counsel has now filed a no-merit brief stating that he "has examined the record of these proceedings and found no reversible errors." Counsel's brief then discusses a list of "adverse rulings which could possibly support an appeal."

■ The procedure for the filing of a no-merit brief is governed by *Anders* v. *California*, 386 U.S. 738 (1967) and Rule 11(h) of the Rules of the Supreme Court. The test is not whether counsel thinks the trial court committed no reversible error, but rather whether the points to be raised on appeal would be "wholly frivolous." *Anders*, 386 U.S. at 744. Under *Anders*, the appellate court is also required to make a determination "after a full examination of all the proceedings," whether the case is wholly frivolous. Similarly, Rule 11(h) permits the filing of a no-merit brief only when "the appeal is wholly without merit."

After examining the record we are not convinced that the appeal is wholly without merit or "so frivolous that it may be decided without any adversary presentation." *Penson* v. *Ohio*, 488 U.S. 75, 82 (1988). We need not and do not determine whether error was committed; we hold merely that some of the issues raised are not "wholly frivolous."

By way of example there exists in this case an issue under the United States Supreme Court's holding in *Batson* v. *Kentucky*, 476 U.S. 79 (1986). That issue clearly deserves an adversary presentation. Many of the other adverse rulings received by appellant were on evidentiary matters. Some of the points are wholly without merit. Others, however, are not so frivolous as to obviate the need for a full adversary presentation.

■ For the reasons stated, and pursuant to *Anders* v. *California*, counsel's motion to withdraw is denied, and the case is remanded for rebriefing in adversary form. A new briefing schedule is established to start December 2, 1992.

DANIELSON and ROGERS, JJ., agree.