**STATE of Tennessee, Appellee,**

v.

**Robert L. ECHOLS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 13, 1995.

Permission to Appeal Denied Feb. 5, 1996.

Brett B. Stein, Attorney at Law, Memphis, for Appellant.

Charles W. Burson, Attorney General and Reporter, Ellen H. Pollack, Assistant Attorney General, Nashville, John W. Pierotti, District Attorney General, Amy P. Weirich, Asst. Dist. Attorney General, Memphis, for Appellee.

**OPINION**

SUMMERS, Judge.

The defendant Robert L. Echols was convicted by a jury of aggravated robbery, and the trial court entered judgment. On appeal, he claims that the evidence is insufficient to

support his conviction because his conduct was not the cause of the victim's injury.

We affirm the judgment of the trial court.

Shortly after 6:00 a.m. on June 17, 1993, the victim unlocked her door and an outer wrought iron security door to take out the garbage. Meanwhile, the defendant who had "been up all night smoking drugs" was walking home. As he walked past the victim's house he saw her purse. While the victim was gathering the garbage, the defendant opened the door and grabbed the victim's purse. When the victim went outside to scream for help and look for the defendant, she fell. She was later admitted to the hospital where she was diagnosed with a fractured bone in her hip. The victim remained in the hospital for four days and later underwent three weeks of rehabilitation. She testified that she was in a "lot of pain."

■ One element of aggravated robbery is that the alleged victim suffer serious bodily injury. T.C.A. 39–13–402(2) (1991). This offense requires a defendant to cause a certain result—serious bodily injury. The necessary causal relationship between the conduct and the result is that the defendant's conduct be both 1) the "but for" cause or "cause in fact" and 2) the "proximate" or "legal cause" of the result. *See* Wayne R. LaFave and Austin W. Scott, Jr., *Substantive Criminal Law* § 312 at 390–93 (1986).

■ The defendant essentially contends that the evidence fails to establish that his conduct was the proximate cause of the victim's serious bodily injury. Rather, he appears to assert that the victim's own conduct was the cause of her injury. A defendant's conduct is the proximate cause of the natural and probable consequences of his conduct. *See Jones v. State*, 580 S.W.2d 329, 332 (Tenn.Crim.App.1978).

■ Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);

*State v. Duncan*, 698 S.W.2d 63, 67 (Tenn. 1985). This standard applies to evidence of causation. The evidence amply supports a finding that the defendant's conduct was the proximate cause of the victim's injury. The victim's act of quickly exiting the house to scream for help and look for the defendant is a natural and probable response to the defendant's conduct. Her actions were normal and instinctive under the circumstances. *See* Wayne R. LaFave and Austin W. Scott, Jr., *Substantive Criminal Law* § 312 at 406–08 (1986); Charles E. Torcia, *Wharton's Criminal Law* § 26 (15th ed.1993). That the victim's own conduct may also be a proximate cause of her injury is of no consequence to the defendant's situation. "[O]ne whose wrongdoing is a concurrent proximate cause of an injury may be criminally liable the same as if his wrongdoing were the sole proximate cause of the injury." *State v. Baggett*, 836 S.W.2d 593, 595 (Tenn.Crim. App.1992).

**AFFIRMED.**

BARKER, J., and MARY BETH LEIBOWITZ, Special Judge, concur.