# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3490

_____

Ira Russey,                                                      *

            Appellant,             *   Appeal from the United States
                                                    *   District Court for the
      v.                                    *   Eastern District of Arkansas.
                                                    *

Larry Norris, Director, Arkansas    *        [UNPUBLISHED]
Department of Correction,          *
                                                    *

            Appellee.             *

_____

Submitted: February 15, 2001
Filed: February 21, 2001

_____

Before BOWMAN and LOKEN, Circuit Judges, and STROM,[1] District Judge.

_____

PER CURIAM.

      Ira Russey was convicted of first-degree murder in state court and was sentenced to a prison term of forty years. He appeals the denial by the District Court[2] of his petition for federal habeas relief. The sole issue in this appeal is whether Russey's

--------

      [1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

      [2]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, presiding pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) (1994 & Supp. 1998).

conviction for the murder of his wife is supported by sufficient evidence to satisfy the constitutional standard articulated in Jackson v. Virginia, 443 U.S. 307, 319 (1979) (holding that evidence is constitutionally sufficient if, viewed in light most favorable to the state, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

The District Court found that the state's evidence in this case satisfies the Jackson v. Virginia standard. For reversal, Russey argues that the shotgun blast he leveled at his wife, which severed her arm and inflicted multiple other serious injuries, was not the cause of her death. Instead, he contends, grossly negligent treatment by her medical providers, leading to her death from pneumonia, constituted an intervening and supervening cause that absolves him from criminal liability for murder. We disagree. Under Arkansas law, "where there are concurrent causes of death, conduct which hastens or contributes to a person's death is a cause of death." Cox v. State, 808 S.W.2d 306, 309 (Ark. 1991); accord Tackett v. State, 766 S.W.2d 410, 414-15 (Ark. 1989). Viewing the evidence in this record in the light most favorable to the state, we are satisfied the District Court correctly found the evidence sufficient under Jackson v. Virginia to support Russey's conviction. Given the evidence at trial, including testimony from medical personnel who treated Mrs. Russey for her wounds, the jury rationally could have found that the blast from Russey's shotgun led directly to her death, or at least hastened or contributed to her death, which occurred some thirteen days after she was shot.

The order of the District Court denying Russey's petition for a writ of habeas corpus is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.