Ricky JUSTUS *v.* STATE of Arkansas

CA CR 05-878                                    237 S.W.3d 528

Court of Appeals of Arkansas
Opinion delivered June 28, 2006

*Patrick J. Benca*, for appellant.

No response.

LARRY D. VAUGHT, Judge. Appellant Ricky Justus was charged with false imprisonment, theft of property, and domestic battery. On March 31, 2004, Justus entered a plea of guilty as to all charges alleged. Included in his plea was an admission that the domestic battery occurred in the presence of his six-year-old daughter. As a result of his plea and admission, along with the fact that Justus had four or more prior felony convictions, he faced a potential term of 130 years' imprisonment in the Arkansas Department of Correction. On April 6, 2005, a jury trial was held on the issue of sentencing. After hearing the evidence, the jury imposed the maximum sentence. Judgment was entered on April 22, 2005, and a timely notice of appeal was filed on May 17, 2005.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court

of Appeals, Justus's counsel filed a motion to withdraw as counsel because "[t]here are no non-frivolous issues that would support an appeal in this case." Counsel's motion was accompanied by an abstract and brief purportedly referring to everything in the record that might arguably support an appeal, a record of all motions and requests made by Justus and denied by the court, and a statement of the reasons why counsel considers none of these adverse rulings to be a meritorious ground for reversal. The clerk of this court furnished Justus with a copy of his counsel's brief and notified him of his right to file a pro se brief. However, Justus did not file a brief. The State filed a letter with the Court stating that it has no adversarial interest in this matter because Justus did not file a pro se brief. From our review of the record and the brief presented to us, we find compliance with Rule 4-3(j), but we cannot say that the appeal is wholly without merit.

Our concern centers on an argument that Justus made prior to the sentencing trial. In relation to his status as a habitual offender, he argued that although he had three prior convictions for breaking or entering (he consecutively broke into three automobiles in a Wal-Mart parking lot), the convictions should be consolidated because they all arose from the same incident. In support of his position, Justus relied on *Tackett v. State*, 298 Ark. 20, 766 S.W.2d 410 (1989).

In *Tackett*, the appellant was involved in a motor-vehicle accident that resulted in the death of a passenger on the scene. *Id.* Another victim at the scene was injured and went into a coma. *Id.* Appellant was charged with manslaughter as to the death of the passenger at the scene and ultimately convicted. *Id.* His conviction was affirmed in *Tackett v. State*, 12 Ark. App. 57, 670 S.W.2d 824 (1984). Almost four years later, the comatosed victim died from her injuries. Her death resulted in a second charge of manslaughter. *Tackett*, 298 Ark. at 26, 766 S.W.2d at 413. At the second manslaughter trial, the court allowed introduction of the first manslaughter charge to support a habitual-offender sentence enhancement. On appeal, our supreme court found that this decision by the trial court was contrary to due process and fundamental fairness and was not within the spirit of the Habitual Offender Act. *Id.*

In support of his motion to be relieved as counsel, Justus's attorney distinguishes the *Tackett* case, pointing out that Justus's acts were not the result of a single impulse — that each act was a "separate incident with separate victims." He then noted that he

was "unable to locate any case law that supports [Justus's] position before the trial court that several felonies arising out of the same incident cannot be counted individually to support a habitual allegation," and "[f]or the foregoing reasons, this argument has no merit."

Based on these statements we believe that a fundamental misunderstanding exists as to what constitutes a meritless appeal. If indeed there is no case law that supports Justus's position — and we, like counsel, have found none — that does not render Justus's appeal "wholly without merit" or "wholly frivolous," which are the standards we apply in no-merit cases. *Ofochebe v. State,* 40 Ark. App. 92, 93, 844 S.W.2d 373, 374 (1992). Indeed, without clear case law addressing Justus's claim, it is impossible to meet the rigid *Anders* requirements. The test is not whether there is case law *supporting* Justus's argument, but whether there is case law *disposing* of his argument.

■ The fact that Justus's counsel was unable to find authority supporting Justus's sentencing claim does not render the issue wholly frivolous, and we are obligated to consider the issue on its merits. Accordingly, we direct Justus's attorney to file a brief developing an adversarial presentation relating to Justus's habitual-offender argument and any others that counsel may deem appropriate.

Motion to Withdraw as Counsel is denied.

Rebriefing Ordered.

CRABTREE and BAKER, JJ., agree.