

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–174

| | | |
|---|---|---|
| DONALD D. EDWARDS | | **Opinion Delivered** January 8, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–2008–1248] |
| STATE OF ARKANSAS | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | APPELLEE | |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## ROBIN F. WYNNE, Judge

Donald Edwards appeals from the revocation of his suspended imposition of sentence. His attorney has filed a no-merit brief and a motion to withdraw. Edwards has filed pro se points for reversal, and the State has filed a responsive brief.

In the appellant's brief, counsel identifies three rulings adverse to Edwards and asserts that the trial court "did not abuse its discretion," the trial court "did not commit error," and "the trial court's finding was correct." Counsel does not, however, cite *Anders v. California*, 386 U.S. 738 (1967), or Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals (2013).[1] Counsel also fails to state the standard of review for *Anders* briefs. Our standard in determining whether to relieve an attorney from a non-meritorious appeal is not

---

[1] In his motion, counsel cites Rule 4-3(j), rather than 4-3(k).

whether counsel thinks the trial court committed no reversible error, but rather whether the points to be raised on appeal would be "wholly frivolous." *Anders*, *supra*; *Ofochebe v. State*, 40 Ark. App. 92, 844 S.W.2d 373 (1992). This court has recently written the following in a case in which counsel submitted a noncompliant *Anders* brief:

> We once again direct counsel to thoroughly familiarize himself with the requirements of Rule 4–3(k)(1) and how a no-merit argument is to be presented on appeal. Further, we emphasize that, at a minimum, counsel "should both acquaint himself with the framework found in *Anders* for no-merit criminal briefs and include the *Anders* citation in his brief." *Soto v. State*, 2013 Ark. App. 619, at 2. Additionally, counsel shall cite and follow the appropriate standard of review relating to no-merit appeals.
>
> Any appeals received from counsel that fail to strictly comply with this mandate regarding no-merit briefs will be uniformly returned for rebriefing and the accompanying motion to withdraw as counsel will be denied.

*Hollins v. State*, 2013 Ark. App. 695, at 2. Accordingly, counsel has fifteen days from the date of this opinion in which to file a substituted brief. Ark. Sup. Ct. R. 4-2(b)(3) (2013). We express no opinion as to whether the new appeal should be made pursuant to Rule 4–3(k)(1) or should be on meritorious grounds.

Rebriefing ordered; motion to withdraw denied.

HIXSON and BROWN, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

SLIP OPINION