# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–222

| | | |
|---|---|---|
| MARCUS A. RIMMER | | **Opinion Delivered** January 15, 2014 |
| | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–2011-210] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | APPELLEE | |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**ROBIN F. WYNNE, Judge**

As permitted by Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant Marcus Rimmer's attorney has filed a no-merit brief and a motion to withdraw as counsel. We order rebriefing and deny the motion to withdraw.

In August 2011, Rimmer pled guilty to possession of pseudoephedrine with intent to manufacture methamphetamine, a Class D felony, and was sentenced to two years' probation, subject to certain written conditions. He was also fined $750 and assessed various costs and fees, for a total payment amount of $1395, to be paid in monthly installments of $75 beginning September 11, 2011. In April 2012, the State filed a petition for revocation of Rimmer's probation, alleging that he violated the conditions of his probation by 1) failing to pay as directed, 2) failing to report to probation as directed, 3) failing to pay probation fees, 4) failing to notify the sheriff of his current address and employment, and 5) departing

from his approved residence without permission. After a July 5, 2012 revocation hearing, the circuit court found that Rimmer had violated the conditions of his probation and sentenced him to three years in the Arkansas Department of Correction upon revocation, with all fines and costs on this charge satisfied.

In the brief submitted to this court, counsel fails to cite *Anders v. California*, 386 U.S. 738 (1967), or Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals.[1] Counsel also fails to state the standard of review applicable to *Anders* briefs. Our standard in determining whether to relieve an attorney from a non-meritorious appeal is not whether counsel thinks the trial court committed no reversible error, but rather whether the points to be raised on appeal would be "wholly frivolous." *Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001). This court has recently written the following in a case in which this counsel submitted a noncompliant *Anders* brief:

> We once again direct counsel to thoroughly familiarize himself with the requirements of Rule 4-3(k)(1) and how a no-merit argument is to be presented on appeal. Further, we emphasize that, at a minimum, counsel "should both acquaint himself with the framework found in *Anders* for no-merit criminal briefs and include the *Anders* citation in his brief." *Soto v. State*, 2013 Ark. App. 619, at 2. Additionally, counsel shall cite and follow the appropriate standard of review relating to no-merit appeals.

> Any appeals received from counsel that fail to strictly comply with this mandate regarding no-merit briefs will be uniformly returned for rebriefing and the accompanying motion to withdraw as counsel will be denied.

*Hollins v. State*, 2013 Ark. App. 695, at 2. Accordingly, we order counsel to submit a substituted brief within fifteen days of this opinion. Ark. Sup. Ct. R. 4-2(b)(3) (2013). We express no opinion as to whether the new appeal should be made pursuant to Rule 4-3(k)(1)

---

[1]Counsel incorrectly cites Rule 4-3(j) in his motion to withdraw.

or should be on meritorious grounds. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to appellant so that, within thirty days, he again will have the opportunity to raise any points he so chooses in accordance with Ark. Sup. Ct. R. 4–3(k)(2). In either instance, the State shall be afforded the opportunity to file a responsive brief.

Rebriefing ordered; motion to withdraw denied.

HIXSON and BROWN, JJ., agree.

*C. Brian Williams*, for appellant.

No response.