# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–473

| | |
|---|---|
| LELAND M. FLEMING | **Opinion Delivered** January 15, 2014 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CR-12-794] |
| V. | |
| STATE OF ARKANSAS | HONORABLE JAMES O. COX, JUDGE |
| APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## PHILLIP T. WHITEAKER, Judge

Leland M. Fleming appeals from a Sebastian County Circuit Court conviction for failure to comply with sex-offender registration and reporting requirements in violation of Arkansas Code Annotated Section 12-12-904 (Supp. 2013). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k), appellant's counsel has filed a motion to be relieved as counsel, stating that there are no nonfrivolous issues to present on appeal. The motion is accompanied by an abstract and addendum of the proceedings below, including all objections and motions decided adversely to appellant, and a brief in which counsel attempts to explain why there is nothing in the record that would support an appeal. We conclude, however, that counsel's no-merit brief is not in compliance with *Anders* and Rule 4–3(k); therefore, we order rebriefing.

Counsel argues that the only issue on appeal is whether Fleming had the intent to commit the crime of failure to comply with the registration and reporting requirements for sex offenders. He claims that, because the crime is a strict-liability offense, no scienter is required. Thus, counsel contends, any appeal on this basis would be without merit.

We note, however, that the motion for directed verdict, and the one renewed at the close of the evidence, did not necessarily limit its scope to an alleged lack of intent—the only potential issue raised by counsel on appeal. Counsel has failed to address the sufficiency of the evidence as to the other elements of the offense (e.g., the specific requirements of registration and how Fleming failed to meet those requirements) or why such argument would be unnecessary (e.g., not sufficiently preserved for appeal). This is not sufficient.

The briefing deficiencies set forth in this opinion are not to be taken as an exhaustive list, and counsel should thoroughly familiarize himself with the requirements of Rule 4-3(k)(1) and with no-merit case law before refiling his brief to ensure no further deficiencies are present. Counsel's substituted brief, abstract, and addendum are due within fifteen days from the date of our decision. Ark. Sup. Ct. R. 4-2(b)(3) (2013). By this ruling, we are not expressing any opinion as to whether the new brief should be filed pursuant to Rule 4-3(k)(1) or should be filed asserting meritorious grounds for reversal. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to appellant so that, within thirty days, he again will have the opportunity to raise any points he so chooses in accordance with Ark. Sup. Ct. R. 4-3(k)(2). In either instance, the State shall be afforded the opportunity to file a responsive brief.

Rebriefing ordered; motion to withdraw denied.

GLADWIN, C.J., and PITTMAN, J., agree.

*David L. Dunagin*, for appellant.

No response.