SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–14–254

| | | |
|---|---|---|
| | | **Opinion Delivered** January 21, 2015 |
| JOHN L. JOHNSON | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| | APPELLANT | [NO. CR–05–675] |
| V. | | HONORABLE RALPH WILSON, JR., JUDGE |
| STATE OF ARKANSAS | | REBRIEFING ORDERED; MOTION |
| | APPELLEE | TO BE RELIEVED AS COUNSEL DENIED WITHOUT PREJUDICE |

**KENNETH S. HIXSON, Judge**

This is a no-merit appeal arising from revocation proceedings. In September 2005, appellant John L. Johnson pleaded guilty to robbery before the Crittenden County Circuit Court in exchange for a five-year probationary term. Among the conditions of appellant's probation were requirements that he pay all fines, costs, and fees as directed; that he report to probation as directed; and that he not use or possess marijuana or any illegal drug. In November 2007, the State filed a petition to revoke his probation, contending that appellant violated these conditions. At the revocation hearing, appellant admitted to violating more than one of the conditions of his probation but offered various excuses. The trial court found, by a preponderance of the evidence, that appellant was inexcusably in violation of these

conditions. In the judgment that followed, appellant was sentenced to five years in prison to be followed by five years of suspended imposition of sentence.

On appeal, appellant's attorney filed a no-merit brief along with a motion to be relieved as counsel for our consideration, asserting that there is no issue of arguable merit to present. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract, addendum, and an argument section, which consists of a list of all rulings adverse to the defendant made by the circuit court with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1) (2014). Appellant was provided a copy of his attorney's brief and motion, notifying him of his right to present pro se points for reversal, but appellant did not file any pro se points. The State elected not to file a brief with our court. In furtherance of the goal of protecting constitutional rights, it is the duty both of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001).

We order rebriefing because appellant's attorney failed to comply with our briefing rules and the rules required of no-merit appeals. Counsel failed to properly abstract the twenty-five pages of testimony contained in the transcribed record of the revocation hearing; counsel's abstract is merely two pages and does not accurately describe all the relevant testimony, evidence, and colloquies. Ark. Sup. Ct. R. 4-2(a)(5) (2014); *Patrick v. State*, 358 Ark. 300, 188 S.W.3d 906 (2004); *Spears v. State*, 82 Ark. App. 376, 109 S.W.3d 139 (2003). Counsel failed to include the notice of appeal in the brief's addendum, which is required in

order for us to confirm appellate jurisdiction. Ark. Sup. Ct. R. 4–2(a)(8) (2014). Counsel

failed to include evidence, reflected in the record, that a warrant for appellant's arrest was

issued within the term of probation as part of the addendum. *See* Ark. Code Ann. § 16-93-

308(f) (Supp. 2013); Ark. Sup. Ct. R. 4–2(a)(8). We caution counsel to acquaint herself fully

with the Rules of the Arkansas Supreme Court and Court of Appeals, with particular

emphasis on Rules 4-2 and 4-3, as what we have heretofore mentioned is not intended to be

an exhaustive list of deficiencies.[1] *See also Robinson v. Miller*, 2014 Ark. App. 539.

Appellant's counsel is directed to file a compliant substituted abstract, brief, and

addendum within fifteen days of this opinion. Ark. Sup. Ct. R. 4–2(b)(3) (2014). Thereafter,

counsel's motion and brief will be forwarded by our clerk to appellant so that, within thirty

days, he again will have the opportunity to raise any points he so chooses in accordance with

Ark. Sup. Ct. R. 4–3(k), and the State will likewise be afforded the opportunity to file a

responsive brief. *See Burris v. State*, 2014 Ark. App. 522; *Fleming v. State*, 2014 Ark. App. 36;

*Rimmer v. State*, 2014 Ark. App. 30.

Rebriefing ordered; motion to be relieved as counsel denied without prejudice.

GLADWIN, C.J., and WHITEAKER, J., agree.
*Lucas Law, PLLC*, by: *Molly Lucas*, for appellant.
No response.

---

[1]We also note that counsel failed to cite to *Anders v. California*, 386 U.S. 738 (1967) or to Ark. Sup. Ct. R. 4–3(k) (2014), which provide the framework and authority to proceed with a no-merit appeal. Including those citations within the appellate brief and the motion to be relieved as counsel is not required by law but would be the better practice. *See Coleman v. State*, 2014 Ark. App. 61; *Rimmer v. State*, 2014 Ark. App. 30; *Edwards v. State*, 2014 Ark. App. 7.